## ANNA BARRETT *vs.* BRIDGET DOLAN.

Norfolk. January 14. — February 21, 1881. COLT, J., absent.

A wife cannot maintain an action, under the St. of 1879, *c.* 297, for the death of her husband, caused by intoxication resulting from the use of intoxicating liquors sold or given to him by the defendant.

TORT. The declaration contained two counts, each alleging in substance that the plaintiff's husband, Thomas Barrett, was, on February 8, 1880, injured by the cars of the Boston and Providence Railroad Company, at Hyde Park, while intoxicated and in consequence of such intoxication, from which injuries he soon afterwards died; that his intoxication was caused, in whole or in part, by intoxicating liquors sold or given to him by the defendant, in the building then owned and occupied by her in said Hyde Park; and that the plaintiff was wholly dependent on him for support, and by his death she was deprived of her means of support.

The defendant demurred to the declaration, on the ground that it did not state a legal cause of action. The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*J. E. Cotter & E. Davis,* for the plaintiff, cited *Jackson* v. *Brookins,* 5 Hun, 530; *Schneider* v. *Hosier,* 21 Ohio St. 98; *Hackett* v. *Smelsley,* 77 Ill. 109.

*D. G. Hill & C. A. Mackintosh,* for the defendant.

LORD, J. The demurrer in this case was rightly sustained. There are insuperable objections to the maintenance of the action. The cause of action, as stated in each count, is the death of a husband. In this Commonwealth, there is no right of action by any person for damages occasioned by causing the death of another. *Carey* v. *Berkshire Railroad,* 1 Cush. 475. *Shaw* v. *Boston & Worcester Railroad,* 8 Gray, 45, 80. *Kearney* v. *Boston & Worcester Railroad,* 9 Cush. 108. *Palfrey* v. *Portland, Saco & Portsmouth Railroad,* 4 Allen, 55. This proposition may certainly be deemed elementary.

There is nothing in the St. of 1879, *c.* 297, which gives such right. The fact that the liability to pay damages for injuries

sustained is created by statute, and does not exist at common law, does not give a claim for damages by reason of death. The liability to an action for damages occasioned by a defective highway is purely a statute liability, and did not exist under the common law; but no damages by reason of death have ever been recovered or claimed or supposed to be recoverable under it. So important a change in the law as the right to recover damages for the death of a person would not be left to implication. The value of a human life has never as yet been left in this Commonwealth to be estimated by a jury; and no attempt has ever been made to fix a money value to human life. Provision has been made for the punishment, in some cases, of the agent which involuntarily but wrongfully destroys life, and a pecuniary penalty has been affixed to the offence; but it has been limited, and the amount to be awarded is determined by the discretion of the court, and not by the judgment of a jury. The fact that such penalty has been imposed for the benefit of those who suffered the most injury from the death is a very strong indication on the part of the Legislature of a determination not to have the value of human life the subject of litigation between parties beneficially interested in the life and those causing the death. And certainly the language of this statute precludes the possibility of a construction which would include death as among the injuries to be recovered for. A man may be at the same time in the employment of another, he may be a husband, and he may be the father of many children. Does a right of action belong to every one of them? And if the Legislature had intended to include death among the causes of action, is it possible that the right to bring it would not have been confined to some person for the benefit of all? But we need not discuss this. It is sufficient to say that no such right exists at the common law, and none has been given by statute in Massachusetts.

*Judgment affirmed.*

### MEMORANDUM.

ON the twenty-first day of February 1881, the Honorable Walbridge A. Field, of Boston, was appointed a justice of this court, in place of Mr. Justice Ames, resigned, and took his seat on the bench at Boston on the twenty-third day of the same month.