### MARY HARRINGTON *vs.* MICHAEL MCKILLOP.

Hampshire.    Sept. 20, 1881. — May 5, 1882.    LORD, DEVENS & C. ALLEN, JJ., absent.

A wife cannot maintain an action under the St. of 1879, c. 297, for the death of her husband, caused by intoxication resulting from the use of intoxicating liquors sold to him by the defendant.

TORT, under the St. of 1879, *c.* 297, in two counts. The first count alleged that, on February 26, 1880, the defendant, in a building occupied by him in Holyoke, sold and gave to Jeremiah Harrington, the plaintiff's husband, intoxicating liquor, which caused his intoxication, in whole or in part; and that, in consequence of such intoxication, the plaintiff was injured in her means of support. The second count alleged that, at the same time and place, the defendant gave and sold to one Michael H. O'Neil intoxicating liquor, which caused his intoxication, in whole or in part; that O'Neil, while so intoxicated, killed the plaintiff's husband, said Jeremiah Harrington; and that, in consequence of the intoxication of O'Neil, the plaintiff was injured in her means of support.

At the trial in the Superior Court, before *Dewey*, J., there was evidence tending to show that the defendant, who was duly licensed to sell intoxicating liquors, sold such liquors on the evening of the day alleged in the declaration to the persons therein mentioned; that they both became intoxicated, and that the liquors so sold caused their intoxication in whole or in part; and that, on the night of such sale, O'Neil killed Harrington. It was in dispute whether Harrington first committed an assault and battery on said O'Neil, and whether O'Neil killed Harrington in self-defence.

The defendant, among other requests, which it is unnecessary now to state, asked the judge to instruct the jury that the plaintiff could recover no damages for her loss of support by or through her husband, beyond the lifetime of her husband. The judge refused so to rule, and instructed the jury that if, in consequence of his intoxication, Harrington made an assault and battery upon O'Neil, and O'Neil in defending himself killed Harrington, whether the killing was justifiable or not, the plaintiff could recover, if the defendant sold the liquors which in whole or in part caused Harrington to be intoxicated.

The jury returned a verdict for the plaintiff in the sum of $3400.83; and the defendant alleged exceptions to the rulings given, and to the refusal to rule as requested.

*G. M. Stearns*, for the defendant.

*R. O. Dwight & P. H. Casey*, for the plaintiff.

BY THE COURT. This case is governed by *Barrett* v. *Dolan*, 130 Mass. 366, reported since this case was argued. Under the authority of that decision, the exceptions must be

*Sustained.*