## MABEL D. GARDNER *vs.* ARLINGTON DAY.

### Washington. Opinion December 12, 1901.

*Husband and Wife.* · *Death. Damages. Intox. Liquors. R. S , c. 27 § 49.*

It is provided by the statutes of this state, R. S., c. 27, § 49, as follows: " Every wife, child, parent, guardian, husband, or other person who is injured in person, property, means of support or otherwise, by any intoxicated person, or by reason of the intoxication of any person, has a right of action in his own name against any one who by selling or giving any intoxicating liquors, or otherwise, has caused or contributed to the intoxication of such person."

While such a statute which gives a remedy unknown to the common law, should not be enlarged, it should of course be so construed, where the language is clear and explicit, as to give it its true meaning, having in view the purpose of the statute.

It is evident that the statute not only gives a remedy when one is injured in his person, or property, by an intoxicated person, but also when a person is injured in his or her means of support " by reason of the intoxication of any person." The most obvious and common injury of this latter character is where a wife or child is dependent upon the husband or father for support, and by reason of the intoxication of the husband or father he is rendered wholly or partially incapable to furnish such support.

It is unquestioned that in such case an action will lie if the total or partial incapacity to provide support is only temporary, or even if it is lasting, caused by some permanent disability sustained while in a state of intoxication, so long as the husband continues to live; but it is claimed that this injury to the wife's means of support does not continue after the death of the husband.

This court is of the opinion, and accordingly holds, that where a wife has been injured in her means of support by reason of the death of her husband caused by his intoxication, she can maintain an action under this statute against the person who sold or gave him the liquor that produced the intoxication.

The facts stated in the plaintiff's declaration constitute a cause of action.

Agreed statement.　Action to stand for trial.

Action to recover damages, under R. S., c. 27, § 49, for injury to the plaintiff's means of support by reason of the intoxication of her husband, resulting in his death, caused by the defendant by giving or selling to him intoxicating liquors.

The case is stated in the opinion.

*W. R. Pattangall and J. W. Leathers*, for plaintiff.

*E. C. Ryder and C. B. Donworth*, for defendant.

SITTING: WISWELL, C. J., STROUT, SAVAGE, FOGLER, POWERS, PEABODY, JJ.

WISWELL, C. J. This action comes to the law court upon a report of the pleadings, in which the parties submit the question as to whether or not the facts set out in the plaintiff's declaration constitute a cause of action.

The action is to recover damages, under R. S., c. 27, § 49, for injury to the plaintiff's means of support by reason of the intoxication of her husband, resulting in his death, caused by the defendant by giving or selling to him intoxicating liquors. The statute referred to, so far as involved in the decision of the case, is as follows: "Every wife, child, parent, guardian, husband, or other

person who is injured in person, property, means of support or otherwise, by any intoxicated person, or by reason of the intoxication of any person, has a right of action in his own name against any one who by selling or giving any intoxicating liquors, or otherwise, has caused or contributed to the intoxication of such person."

The plaintiff alleges in her declaration that on the eighteenth day of March, 1900, she was, and for a long time prior thereto had been, the wife of one Horace T. Gardner; that he was her sole means of support, and that from the time of their marriage up to that date he had supported her; that upon that day the defendant at a place named gave or sold to her husband a certain quantity of intoxicating liquors; that the husband drank this quantity of intoxicating liquor given or sold to him by the defendant and that thereby he became intoxicated, and that because of such intoxication and because of having drank this liquor, he died upon March 19, 1900, by reason whereof the plaintiff was deprived of her only means of support.

The question presented is whether or not the plaintiff's means of support were injured, within the meaning of this statute, by her husband's death resulting from his intoxication caused by liquor sold or given him by the defendant, the husband having always supported the wife during their married life and having been her sole means of support.

This question has never been decided in this state, so that it becomes our duty to construe the statute and to ascertain its true intent and meaning in this respect. While such a statute which gives a remedy unknown to the common law, should not be enlarged, it should of course be so construed, where the language is clear and explicit, as to give it its true meaning, having in view the purpose of the statute.

It is evident that the statute not only gives a remedy when one is injured in his person, or property, by an intoxicated person, but also when a person is injured in his or her means of support " by reason of the intoxication of any person." The most obvious and common injury of this latter character is where a wife or child is

dependent upon the husband or father for support, and by reason of the intoxication of the husband or father he is rendered wholly or partially incapable to furnish such support. It is unquestioned that in such case an action will lie if the total or partial incapacity to provide support is only temporary, or even if it is lasting, caused by some permanent disability sustained while in a state of intoxication, so long as the husband continues to live; but it is claimed that this injury to the wife's means of support does not continue after the death of the husband. In other words, the contention is, and it is supported by a number of decisions of courts of high authority, under substantially similar statutes, that while a wife's means of support may be injured within the meaning of the statute by reason of the temporary or permanent disability of the husband, by reason of his intoxication, and consequent incapacity, or diminished capacity to provide support, she can not be injured in this respect by his death following and resulting from his intoxication.

We can not agree to this proposition. We are unable to perceive any legal distinction, except in degree, between the temporary injury to a wife's means of support through the husband's inability to provide support by reason of some accident sustained while intoxicated, and the permanent injury suffered by her of the same nature by reason of the husband's death resulting from his intoxication. In either case, the injury is to her means of support by reason of his intoxication. " Otherwise, minor and temporary injuries to the plaintiff's means of support would be within the protection of the statutes, while the greatest and most permanent injury of all would be without remedy." 6 A. & E. Ency of L., 2d. Ed. 54 and cases cited.

A wife can not of course recover under this statute for the death of her husband, nor for her mental suffering caused thereby, nor for any of the consequences of his death, except for the injury to her means of support by reason of his intoxication; but if his death is the proximate result of such intoxication, she is none the less injured in her means of support thereby, within the meaning of the statute as we construe it.

It is true, that in the states where a similar statute exists the courts have reached different conclusions upon this question. In *Barrett* v. *Dolan*, 130 Mass. 366, the Massachusetts court held that such an action under these circumstances, and under a similar statute, could not be maintained, the reason given being that the cause of action was the death of the husband, and that in that Commonwealth there is no right of action by any person for damages occasioned by causing the death of another. Again, in *Harrington* v. *McKillop*, 132 Mass. 567, the court reaffirmed the same doctrine, merely following the preceding case and without giving any reasons.

In *Davis* v. *Justice*, 31 Ohio St. 359, (27 Am. R. 514) the court decided that in an action under the civil damage act for injury to a wife's means of support in consequence of intoxication of the husband, which resulted in his death, damages resulting from the death could not be recovered. But in a dissenting opinion in that case the conclusion of the court was criticised as follows : " The argument of counsel for the plaintiff and the judgment of the court seem to be founded on the mistaken notion that the action is brought to recover damages for the death of the husband. Such is not the case. The wrongful act which constitutes the ground of the action is the illegal sale of the liquor causing the intoxication from which the injury results. The death of the husband only affects the measure of damages. It destroys his ability to labor, and thereby diminishes the wife's means of suppport. If the husband had lost both his arms or legs, or become permanently insane, in consequence of intoxication, or had otherwise become permanently disabled to perform physical labor, and had survived, the result to the wife would have been precisely the same. Her injury, in either case, would consist in the deprivation of the means of support resulting from the loss of her husband's ability to labor." In a later case in that state, *Kirchner* v. *Myers*, 35 Ohio St. 85, (35 Am. R. 598) the court adheres to its former decision, but says that the question was not free from difficulty and cites a number of cases where the opposite result was reached.

Upon the other hand, in the following cases, under similar stat-

utes, the courts have held that where a wife has been deprived of her means of support by the death of her husband resulting from intoxication, she had a right of action:—*Schroeder* v. *Crawford*, 94 Ill. 357, (34 Am. R. 236) ; *Roose* v. *Perkins*, 9 Neb. 304, (31 Am. R. 409), where it is said : " The action being for loss of the means of support, it will lie in any case where the loss is merely temporary, as by disability, or permanent as by death." *Rafferty* v. *Buckman*, 46 Iowa, 195 ; *Brockway* v. *Patterson*, 72 Mich. 122; *Mead* v. *Stratton*, 87 N. Y. 493.

In the latter case it is said : " If the injury which had resulted to the deceased in consequence of his intoxication had disabled him for life, or to such an extent as to incapacitate him for labor and for earning a support for his family, it would no doubt be embraced within the meaning and intent of the statute. That death ensued in consequence thereof furnishes much stronger ground for a claim for a loss of means of support; and a different rule in the latter case would make provision for the lesser and temporary injury, while that which was greatest and most serious would be without any remedy or means of redress."

The reasoning of these latter cases seems to us to be more satisfactory, and is in entire accord with our own conclusion. We, therefore, hold that where a wife has been injured in her means of support by reason of the death of her husband caused by his intoxication, she can maintain an action under this statute against the person who sold or gave him the liquor that produced the intoxication.

The facts stated in the plaintiff's declaration consequently constitute a cause of action.

                                      *Action to stand for trial.*