## ALICE M. CURRIER *vs.* ROBERT J. MCKEE.

### Aroostook.   Opinion December 13, 1904.

*Intoxicating Liquors.   Proximate Cause.   Civil Damage Act.   R. S. (1883), c. 27. § 49, R. S. 1903, c. 29, § 58.*

The law looks to the proximate and not the remote cause of an injury; but if the original act was wrongful and would naturally according to the ordinary course of human events prove injurious to some person or persons, and does actually result in injury through the intervention of other causes which are not wrongful, the injury is referred to the wrongful cause passing by those which are innocent.

It is not the lawful but the wrongful or negligent act of a third party intervening, which breaks the chain of causation and relieves the original wrongdoer of the consequences of his wrongful act.

A person is responsible for such consequences of his acts as ought to have been apprehended according to the usual experience of mankind.

Whether one, who lets loose such a dangerous agent as intoxicating liquor, is not bound to apprehend that the intoxication thereby produced is likely to cause unjustifiable assaults and consequent injury to the assailant, is a question of fact for the jury.

In an action under R. S. 1883, c. 27, § 49, there was evidence tending to prove that the defendant sold intoxicating liquor to the plaintiff's son upon whom she was in part dependent for her support, that the liquor caused him to make an assault upon one B., by whom in self defense he was struck and his jaw broken, resulting in his decreased ability to labor and consequent injury to the plaintiff's means of support.

*Held :* that if these issues are found in the affirmative and the jury also finds
that the defendant ought to have apprehended the resulting injury to the
son, the injury to the plaintiff's means of support would then be by rea-
son of the intoxication of the son, and the defendant would be liable
therefor.

Exceptions by plaintiff.    Sustained.

Action on the case under the Civil Damage Act, R. S. 1883, c.
27, § 49, now R. S. 1903, c. 29, § 58, brought by the plaintiff to
recover of the defendant damages for selling intoxicating liquor to
her son, by means of which she alleged she had been injured in her
means of support, etc.

At the close of plaintiff's testimony, on motion of defendant, the
presiding justice ruled that on the evidence of the plaintiff the action
could not be maintained and ordered a nonsuit, and plaintiff excepted.

The material facts appear in the opinion.

*Frank L. White and Ira G. Hersey,* for plaintiff.

*George H. Smith and Louis C. Stearns,* for defendant.

SITTING:   WISWELL,   C. J.,   SAVAGE,   POWERS,   PEABODY,
SPEAR,  JJ.

· POWERS, J.   ,This is an action under the civil damage act, and
comes to the law court on exceptions to the ruling of the presiding
justice directing a nonsuit.

There was evidence tending to prove that the plaintiff lived with
her son Will A. Currier aged thirty-four upon his farm and was
dependent upon him for her support; that the defendant sold intox-
icating liquor to the son which caused his intoxication; that while so
intoxicated he entered the store of one Boulier who ordered him out
of the store; that he went out but turned and tried to come back
with the intention of striking at Boulier and having a fight with him;
that he did strike at Boulier who thereupon struck him and broke
his jaw, by reason whereof his ability to labor was decreased and the
support which he afforded his mother sensibly diminished.

The defendant contends that no recovery can be had except for
those injuries of which the intoxication is the proximate cause; that
the independent act of an intelligent and responsible human being

intervened and caused the broken jaw from which all damage to the plaintiff resulted, and that the intoxication was therefore the remote and not the proximate cause of the injury.

R. S. 1883, c. 27, § 49,—now R. S. 1903, c. 29, § 58,—creates a new cause of action unknown to the common law, and so far as is material reads as follows : "Every wife, child, parent, guardian, husband or other person who is injured in person, property, means of support or otherwise, by any intoxicated person, or by reason of the intoxication of any person, has a right of action in his own name against anyone who by selling or giving any intoxicating liquors, or otherwise, has caused or contributed to the intoxication of such persons." The statute is aimed at the suppression of a great evil, and while no effort should be made by a forced interpretation to extend its meaning beyond what was fairly intended, it should be liberally construed so as to effect the beneficent purpose for which it was enacted. In its terms it is very broad. It is not confined to unlawful sales as was the original act of 1858, c. 33, § 11, R. S. 1871, c. 27, § 32, which was repealed by the public laws of 1872, c. 63, § 4, and the present statute substituted. The giver equally with the seller is made liable for the injurious consequences of his act. It is not necessary that the intoxicating liquor furnished by the person sued should have been the sole cause of the intoxication; it is sufficient if it "contributed" to it in an appreciable degree. A right of recovery is given for injuries produced in two ways, first, "by any intoxicated person," and second, "by reason of the intoxication of any person." When the injury is caused by an intoxicated person, it need not be shown that the intoxication caused the injurious act. In such case it is sufficient if while in a state of intoxication, to which liquors furnished by the defendant contributed, such intoxicated person commits the act which results in injury to the " person, property, means of support or otherwise" of the plaintiff. The furnishing by the defendant of the intoxicating liquor must have contributed as a proximate cause to the intoxication, and the act of the intoxicated person must have been the cause of the injury, but it is not necessary that the intoxication should have been the proximate cause of injury or of the act which caused it. *Neu* v. *McKechnie*

et al., 95 N. Y. 632, *Brockway* v. *Patterson*, 72 Mich. 122. The legislature seems to have regarded intoxicating liquor as dangerous to society, and to have intended that whoever by furnishing liquor contributed to the intoxication of any person should be held responsible for injuries inflicted by him while in that condition, without placing upon the sufferer the burden of showing that the injury was due to the intoxication.

This, however, is but to show the scope of the statute and that it should be construed in no narrow or illiberal spirit. The plaintiff claims that she was injured in her means of support not by an intoxicated person but "by reason of the intoxication" of her son.

If this provision is to be regarded as calling for the same sequence and connection of causation required by the maxim of the common law which the defendant invokes, that the law looks to the proximate and not to the remote cause, the oft embarrassing question remains of what is a proximate and effective although not the immediate cause of the injury. Giving to the defendant the full benefit of the application of the principle which he claims, still the statute does not require that the furnishing of the liquor by the defendant should be the proximate cause of the plaintiff's injury, but only that it should have contributed to her son's intoxication and that the intoxication should have been the proximate cause of the injury. It is urged that the act of an intelligent and responsible human being, the blow struck by Boulier, intervened between the intoxication of the son and the resulting injury to the plaintiff. Upon the evidence, however, the jury might have found that the illegal sales of intoxicating liquor by the defendant to the plaintiff's son caused his intoxication, and that his intoxication caused him to make an assault upon Boulier, and that the blow of the latter was solely in self defense when struck at by the intoxicated son. If so, the intervention of Boulier was rightful. It is the wrongful or negligent act of a third party intervening which breaks the chain of causation and relieves the original wrongdoer of the consequences of his wrongful act; but if in the right he is not responsible and the party injured must seek reparation from him whose wrongful act was the first in the order of events causing the injury.

A reference to some of the authorities will show that this principle has been frequently recognized ever since the squib case, *Scott* v. *Shepard*, 3 Wilson, 403, and also the liberal manner in which statutes, giving a right of recovery for injuries to person, property or means of support "in consequence of" or "by reason of the intoxication of any person," have been construed.

It is a principle of law, applicable to the doctrine of proximate cause, that "if the original act was wrongful and would naturally according to the ordinary course of events prove injurious to some other person or persons, and does actually result in injury through the intervention of other causes which are not wrongful, the injury shall be referred to the wrongful cause passing by those which are innocent. But if the original wrong only becomes injurious in consequence of the intervention of some distinct wrongful act or omission by another, the injury shall be imputed to the last wrong as a proximate cause, and not to that which is more remote." Cooly on Torts, page 76.

The plaintiff's son was struck by a railroad train while walking upon the track in an intoxicated condition. It was held that, the railroad company not being in fault, the intoxication might be found to be the proximate cause of the injury. "Men are held liable every day in tort for the natural and proximate results of their wrongs, although the particular result could not be foreseen as necessary at the time of the act." *McNary* v. *Blackburn*, 180 Mass. 141.

In *Gage* v. *Harvey*, 66 Ark. 68, 74 Am. St. R. 70, an intoxicated person was robbed of his money, and the person selling the liquor was held not liable. "The intervening act produced the injury complained of, and was the wrongful act of a third person for which he was legally responsible."

In *Schmidt* v. *Mitchell*, 84 Ill. 195, it was held that if a person in consequence of intoxication should get into a difficulty resulting in his being shot in the thigh, the party selling the liquor might be responsible for the direct consequences of the injury received, but that if after becoming sober, his disregard of his physician's instructions should necessitate the amputation of his leg, the liquor seller would not be responsible for the loss of life. There the wound was

lawfully inflicted by one Freidenback in defence of his house. *Shugart* v. *Egan,* 83 Ill. 56, is sometimes cited in support of a contrary doctrine. There, however, the plaintiff's husband, in consequence of mere words used by him while intoxicated, was assaulted and slain by one McGraw. It is evident that mere words would not justify the assault and that McGraw was a wrongdoer. The same court commenting upon *Shugart* v. *Egan,* in a later case said: "It was there said to be the common experience of mankind that the condition of one intoxicated invited protection against violence rather than attack, and that it was not a natural and probable result of intoxication that the person intoxicated should come to his death by the wilful criminal act of a third party. . . . It was not the intention that the intoxicating liquor alone, of itself exclusive of other agency should do the whole injury. That would fall quite short of the measure of remedy intended to be given. The statute was designed for a practical end, to give a substantial remedy, and should be allowed to have effect according to its natural and obvious meaning." *Schroden,* v. *Crawford,* 94 Ill. 357. Intoxication was held to be the proximate cause of death when a person was drowned in bathing. *Meyer* v. *Butterbrodt,* 146 Ill. 131. The party causing intoxication cannot escape liability because he may not reasonably have foreseen the consequences. *Roth* v. *Eppy,* 80 Ill. 283, a case of insanity caused by habitual intoxication. Plaintiff's husband while intoxicated made an assault upon one Morceau by whom he was killed. Held that defendant would be liable on account of the sale and intoxication resulting from such sale if such intoxication was the effective cause of the injury. *Baker & Reddick* v. *Summers,* 201 Ill. 52.

The leg of plaintiff's husband was broken by one Free, in a drunken scuffle. Both the husband and Free were intoxicated at the time by liquor sold by the defendant. In affirming a verdict for the plaintiff the court said: "If the injury was occasioned by reason of the intoxication of Thomas or Free, and such intoxication was produced, in whole or in part, by the liquors sold by the defendant Dansby, then the case would fall within the terms of the statute, and a recovery could be had if the plaintiff by reason thereof was injured

in her means of support." *Thomas* v. *Dansby,* 74 Mich. 398. A conviction of drunkenness has been held a proximate result of intoxication such as will render the one furnishing the liquor liable to the wife for injuries resulting therefrom. *Lucher* v. *Liske,* 111 Mich. 683.

The question of proximate cause is for the jury under appropriate instructions of law. One is not bound to anticipate what is merely possible, nor on the other hand is he liable for such consequences only as usually follow. It is sufficient if the result ought to have been apprehended according to the usual experience of mankind.

The defendant need not have intended that the plaintiff's son should make an assault upon Boulier or even have expected it or the injury which followed. Enough if according to human experience it was to be apprehended that such results were likely to happen from the intoxication. The legislature deals with intoxicating liquor upon the assumption that it is the enemy of society, that intoxication weakens the will, disturbs the judgment, saps the moral forces and is the fruitful source of vice and crime attended by personal injury and loss. It is natural as well as lawful that one assaulted should use reasonable force to repel the assailant even to his personal injury. It is for the jury to say who is the assailant, and whether, under the circumstances, the force used was reasonable and appropriate. It is also for them to determine whether one, who lets loose such a dangerous agent as intoxicating liquor, is not bound to apprehend that the intoxication thereby produced is likely to cause unjustifiable assaults and consequent injury to the assailant.

In the case at bar there was evidence tending to show that the intoxicating liquor sold by the defendant caused the intoxication of the plaintiff's son, that by reason of such intoxication he made an assault upon Boulier, and that the latter acting in self defense struck the blow which diminished the son's capacity to labor, resulting in injury to the plaintiff's means of support. If these issues are found in the affirmative, then, under the broad and sweeping provisions of the statute we are considering, we think it may be said that the plaintiff was injured in her means of support "by reason of the intoxication" of her son. The court cannot say that the intoxication

would not then be the "one efficient procuring cause without which the injury would not have happened." *Gilman* v. *E. & N. A. Ry. Co.*, 60 Maine, 235. The case should have been submitted to the jury.

*Exceptions sustained.*