Mabrie I. KLINGERMAN

v.

SOL CORPORATION OF
MAINE, et al.

Supreme Judicial Court of Maine.
Argued Jan. 6, 1986.
Decided Feb. 24, 1986.

Berman, Simmons & Goldberg, Paul F. Macri (orally), Jack H. Simmons, Steven D. Silin, Lewiston, for plaintiff.

Friedman & Babcock, Martha C. Gaythwaite (orally), Harold Friedman, Portland, for SOL Corp. of Maine.

Preti, Flaherty & Beliveau, Michael D. Messerschmidt (orally), Portland, for Ramada Inns and Glad Associates.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

This case requires a determination of the extent of a tavernkeeper's liability for the sale of alcoholic beverages to an intoxicated person. Three questions of first impression are presented: (1) Whether the personal representative of a decedent who died of alcohol poisoning, allegedly caused by intoxicants furnished by the defendants, may maintain a wrongful death action under the Dram Shop Act, 17 M.R.S.A. § 2002 (1983 & Supp. 1985–1986)? (2) Whether the Act is an exclusive remedy? (3) Whether, under these circumstances, any cause of action exists at common law? Plaintiff appeals from an order of the Superior Court (Androscoggin County) dismissing plain-

tiff's complaint for failure to state a claim upon which relief may be granted. We sustain the appeal.

## I.

■ In determining whether a complaint states a claim upon which relief may be granted, this Court assumes that the factual allegations in the complaint are true. *City of South Portland v. State,* 476 A.2d 690, 692 (Me.1984). Those allegations are as follows. Plaintiff Mabrie Klingerman is the domiciliary foreign personal representative [1] of decedent Keith Klingerman. On December 5, 1982, the decedent, a California resident, went to the Ramada Inn in Lewiston. He consumed a large quantity of intoxicating beverages and later died of alcohol poisoning. Plaintiff alleges that defendants negligently or intentionally continued to serve the decedent even though they knew or should have known that he was intoxicated. She brought this action in Superior Court seeking damages under the Dram Shop Act and common law. The court granted defendants' Rule 12(b)(6) motion to dismiss and entered judgment in their favor. Plaintiff then brought this appeal.

## II.

■ As an initial matter, we observe that plaintiff brought suit in her capacity as personal representative for the decedent's estate, seeking damages for the estate and its beneficiaries. It is therefore apparent that this is a wrongful death action. *See* 18–A M.R.S.A. § 2–804(b) (Supp. 1985–1986). Wrongful death actions may be maintained if the decedent himself, had he lived, would have been entitled to sue. 18–A M.R.S.A. § 2–804(a) (1981); *Metrinko v. Witherell,* 134 Me. 483, 485, 188 A. 213, 214 (1936). For purposes of our review, plaintiff's capacity to bring this action under either the Dram Shop Act or the common law therefore depends upon whether the decedent himself could have maintained an action if he had lived.

We first discuss whether plaintiff may maintain this action under the Dram Shop Act, which provides:

Every wife, child, parent, guardian, husband or other person, who is injured in person, property, means of support or otherwise by any intoxicated person or by reason of the intoxication of any person, shall have a right of action in his own name against anyone who, by selling or giving any intoxicating liquors or otherwise, in violation of law, has caused or contributed to the intoxication of such person. In such action the plaintiff may recover both actual and exemplary damages. The owner, lessee or person renting or leasing any building or premises, having knowledge that intoxicating liquors are sold therein contrary to law, is liable with the person selling or giving intoxicating liquors. In actions by a wife, husband, parent or child, general reputation of such relationship is prima facie evidence thereof, and the amount recovered by a wife or child shall be her or his sole and separate property. The law of comparative negligence shall apply to any action under this section, except that each defendant shall be severally liable and not jointly liable, for that percentage of the plaintiff's damages which corresponds to that defendant's percentage of fault as determined by the court or a jury. To recover damages under this section, the injured person shall give written notice to the seller or giver within 2 years of the occurrence of the injury. Notice shall specify: The injured person's intention to bring an action under this section; the time, the date and the person to whom that sale or gift was made; the name and address of the person injured or whose property was damaged; and the time, date and place

---

**1.** *See* 18–A M.R.S.A. § 4–205 (1981), governing the appointment of domiciliary foreign personal representatives.

where the injury to person or property occurred.

17 M.R.S.A. § 2002 (Supp. 1985–1986). Plaintiff argues that the words "by reason of the intoxication of any person" can be construed in a manner permitting her to recover under the Act and that the phrase "or other person" is broad enough to include the intoxicated person as a claimant. Defendants contend that the statute restricts recovery to the enumerated classes of potential claimants and does not include the intoxicated person.

■ The plain wording of the Act lends no support to the plaintiff's argument. There is no express language in the statute conferring a right of action upon the intoxicated person. Instead, the categories of potential plaintiffs are limited to "[e]very wife, child, parent, guardian, [or] husband ....: Following the specifically enumerated classes of plaintiffs are the general words "or other person." Under the rule of *ejusdem generis*, when enumerating words are followed by words of general import, the general words, if their meaning is uncertain, should be controlled by the specific. *State v. Ferris*, 284 A.2d 288, 290 (Me.1971). Here, the enumerated individuals upon whom the statute confers a right of action are placed in relationship to the intoxicated person. In order to be entitled to sue, "other persons" must also stand in relation to the intoxicated person in some manner. The intoxicated person himself is precluded from suing under the Act because he cannot stand in special relation to himself. *Brooks v. Cook*, 44 Mich. 617, 7 N.W. 216, 217 (1880).

■ The language "by reason of the intoxication of any person" cannot by any reasonable construction be read as entitling the intoxicated person to sue under the

Act. Those words refer only to injuries indirectly caused by the intoxicated person, thus specifying another manner in which the named categories of plaintiffs may recover. They do not in any way enlarge upon the classes of potential plaintiffs. We conclude that the intoxicated person himself may not maintain an action for damages under the Dram Shop Act.[2]

### III.

■ We turn now to consider plaintiff's second argument, that the motion to dismiss was erroneously granted in that plaintiff has alleged facts entitling her to relief at common law. We must determine as a threshold matter, however, whether the Legislature intended that the Dram Shop Act preempt development of common law principles governing the tortious sale of alcoholic beverages. If the statute does not constitute an exclusive remedy, the merits of this action will be governed by common law principles.

Neither the plain language of the Act nor its legislative history suggest that the Legislature intended for the statute to prevent recovery at common law. No portion of the Act expressly bars a common law civil action, nor is there any indication that the statute as a whole constitutes a self-contained remedy. *Cf. Cunningham v. Brown*, 22 Ill.2d 23, 174 N.E.2d 153, 157 (1961) (fact that dram shop statute set out damage limits and specified court procedures compelled conclusion that legislative remedy was exclusive). Defendants point out that the Act was amended in 1985 to add a sunset provision repealing the entire statute in 1987, apparently so that the Legislature might enact more comprehensive legislation.[3] 17 M.R.S.A. § 2002 (1983),

---

**2.** Other courts construing dram shop acts similar to Maine's have likewise concluded that the statute does not authorize recovery by an intoxicated person. *Maples v. Chinese Palace, Inc.*, 389 So.2d 120, 124 (Ala.1980); *Nolan v. Morelli*, 154 Conn. 432, 226 A.2d 383, 385 (1967); *Riverside Enterprises, Inc. v. Rahn*, 171 Ga.App. 674, 320 S.E.2d 595, 596 (1984); *Lucido v. Apollo*

*Lanes & Bar, Inc.*, 123 Mich.App. 267, 333 N.W.2d 246, 248 (1983).

**3.** In addition, the 1985 amendment eliminated joint liability among multiple defendants and added provisions relating to the applicability of comparative negligence principles and notice by

*amended by* P.L. 1985, ch. 435, § 1; *see* House Amend. A to L.D. 1568, No. H. 395 (Statement of Fact) (112th Legis.1985). Defendants argue that the sunset provision evinces a legislative intent to preempt the field of vendor liability for the sale of alcoholic beverages. We disagree. The future repeal of a statute, for whatever reason, does not foreshadow what will be enacted in the statute's place. We are required to apply the existing law and carry out the intent of the Legislature that enacted the law.

Jurisdictions with dram shop legislation in effect do not agree on whether the statute creates an exclusive remedy. In many instances, dram shop legislation was enacted to abrogate court decisions denying liability for the sale of intoxicating liquor to an able-bodied person who injured another as a result of his intoxication. *See, e.g., Cruse v. Aden,* 127 Ill. 231, 20 N.E. 73, 74 (1889). Some courts held that because dram shop laws created liability where none previously existed at common law, the statutory remedy was exclusive. *Connolly v. Conlan,* 371 N.W.2d 832, 833 (Iowa 1985); *Meany v. Newell,* 367 N.W.2d 472, 474–75 (Minn.1985). This view might be more compelling if the common law rule had remained unchanged.

In the absence of dram shop statutes, however, an increasing number of jurisdictions have permitted plaintiffs to pursue common law causes of action. *See, e.g., Rappaport v. Nichols,* 31 N.J. 188, 156 A.2d 1 (1959); *Ramsey v. Anctil,* 106 N.H. 375, 211 A.2d 900 (1965). Courts in several other states have held that their dram shop laws do not preclude common law causes of action. *Kowal v. Hofher,* 181 Conn. 355, 436 A.2d 1, 2 (1980); *Dynarski v. U–Crest Fire Dist.,* 112 Misc.2d 344, 447 N.Y.S.2d 86, 87–88 (1981); *Mason v. Roberts,* 33 Ohio St.2d 29, 294 N.E.2d 884, 887 (1973). As we discuss in greater detail in Part IV of our opinion, courts in several states have allowed plaintiffs to pursue common law remedies for alcohol-related injuries. In plaintiffs. *See* 17 M.R.S.A. § 2002 (Supp. 1985–

Maine, we have not authoritatively decided whether such an action exists at common law. We are therefore unwilling to conclude that the statute is an exclusive remedy in the absence of express language to that effect. *See Kowal,* 436 A.2d at 2–3.

## IV.

■ Because the Dram Shop Act does not bar this action, we must now examine the common law governing the liability of those who sell alcoholic beverages. Plaintiff argues that the Superior Court's dismissal of her action was erroneous in that she has alleged facts that, if proved, would entitle her to relief under those principles. As we have already discussed briefly, courts in several other states recognize a cause of action apart from dram shop laws. We have never had occasion, however, to decide whether an intoxicated person may recover damages on a negligence theory from the person who sold him alcoholic beverages.

The rationale supporting vendor non-liability at common law was that a person's voluntary consumption of alcoholic beverages, not their sale by the vendor, was the proximate cause of any injuries. *Nolan v. Morelli,* 154 Conn. 432, 226 A.2d 383, 386 (1967). The sale of intoxicants was considered too remote as a cause of the harm. *Cowman v. Hansen,* 250 Iowa 358, 92 N.W.2d 682, 688–90 (1958). In states that do not have dram shop laws, however, courts have permitted plaintiffs to recover and have rejected this voluntariness rationale. *E.g. Waynick v. Chicago's Last Department Store,* 269 F.2d 322, 325 (7th Cir.1959); *cert. denied* 362 U.S. 903, 80 S.Ct. 611, 4 L.Ed.2d 554 (1960); *Adamian v. Three Sons, Inc.,* 353 Mass. 498, 233 N.E.2d 18, 20 (1968); *Ramsey v. Anctil,* 106 N.H. 375, 211 A.2d 900, 901 (1965); *Rappaport v. Nichols,* 31 N.J. 188, 156 A.2d 1, 8 (1959). One court pointed out that the sale of alcoholic beverages to a visibly intoxicated person involves a fore-

1986).

seeable and unreasonable risk of harm to others. *Rappaport,* 156 A.2d at 7. The court in *Waynick* reasoned that the plaintiff's intoxication rendered him no longer able-bodied, thus justifying imposition of liability upon the tavernkeeper. *Waynick,* 269 F.2d at 325.

We conclude that we are unable to rule as a matter of law that the sale of intoxicants could never constitute a proximate cause of injury if those intoxicants were voluntarily consumed by the purchaser. Such a result would be totally at odds with the law of proximate causation as it has developed in Maine. We have recently said that if an injury is reasonably foreseeable, proximate cause exists. *Stubbs v. Bartlett,* 478 A.2d 690, 693 (Me.1984) (quoting *Brewer v. Roosevelt,* 295 A.2d 647, 652 (Me.1972)). It is a question of fact whether a particular result is reasonably foreseeable, and that question is to be resolved by the trier of fact. *Elliot v. Montgomery,* 135 Me. 372, 374, 197 A. 322, 323 (1938). It is not the function of this Court to judge the social desirability of a grant of immunity to the vendors of alcoholic beverages. We must fairly apply the law as developed in this jurisdiction. We refuse to encumber the law of proximate causation with an artificial limitation that precludes jury consideration of the causal relationship between the sale of intoxicating beverages and consequent harm.

Plaintiff's allegations that defendants either negligently or intentionally served the decedent while knowing that he was intoxicated are sufficient to state a claim for relief. M.R.Civ.P. 12(b)(6). Plaintiff has alleged that defendants violated 28 M.R.S.A. § 303 (Pamph. 1985–1986), which prohibits liquor licensees from selling alcoholic beverages to persons "visibly intoxicated." A licensee who violates the statute is subject to a license suspension or revocation as well as fines of between $50 and $1500. 28 M.R.S.A. § 401 (1974 & Pamph. 1985–1986). The purpose of section 303 is to protect the public from intoxicated individuals. The statute achieves that objective by imposing a duty upon liquor licensees not to serve alcoholic beverages to visibly intoxicated patrons. Section 303 is clearly a safety statute, violation of which would constitute evidence of negligence. *Dongo v. Banks,* 448 A.2d 885, 889 (Me.1982); *accord Anslinger v. Martinsville Inn, Inc.,* 121 N.J. Super. 525, 298 A.2d 84, 87 (1972). Plaintiff has alleged facts that, if proved, would establish that defendants violated section 303. Those allegations are sufficient to withstand dismissal; accordingly, we conclude that the Superior Court erred in granting defendants' M.R.Civ.P. 12(b)(6) motion to dismiss.

The entry is:

Order dismissing plaintiff's complaint vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.