**Edward PETERS**

v.

**Scott SAFT, et al.**

Supreme Judicial Court of Maine.

Argued June 20, 1991.
Decided Sept. 18, 1991.

John A. McArdle (orally), Mark L. Randall, Daniel G. Lilley, P.A., Portland, for plaintiff.

Michael E. Carpenter, Atty. Gen., Peter J. Brann (orally), Asst. Atty. Gen., Augusta, for intervenor.

Catherine R. Connors, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for amicus curiae, Trial Lawyers Ass'n.

Jonathan S. Piper, Jill M.P. Allen, Preti, Flaherty, Beliveau & Pachios, Portland, for amicus curiae, St. Paul Fire and Marine Ins. Co.

James M. Bowie (orally), Elizabeth G. Knox, Thompson & Bowie, Portland, for defendants Saft and Powell.

Mark G. Lavoie, Margaret Cushing, Norman, Hanson & Detroy, Portland, for defendant Whitmore.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Justice.

Defendants Scott Saft, Kershaw Powell, Richard Whitmore, and the State, intervening as a defendant, appeal the decision and order of the Superior Court (Kennebec County, *Alexander, J.*) on plaintiff Edward Peters' declaratory judgment action. Defendants challenge the court's determination that the damage cap included in Maine's Liquor Liability Act, 28–A M.R.S.A. §§ 2501–2519 (1988), violates both the state and federal equal protection clause. Plaintiff seeks to reinforce the court's ruling by arguing that the offending provision also violates his right of due process, his right to trial by jury and his right to a remedy under the "open courts" provision of the Maine Constitution. By cross-appeal, plaintiff challenges the court's determination that other provisions of the Act are constitutional. Specifically, plaintiff challenges the fact that the Act excludes all other remedies, abolishes joint liability and requires a notice of claim. Finding no basis for declaring any portion of the Act unconstitutional, we vacate the judgment of the Superior Court and deny the cross-appeal.

Plaintiff brought an action against Saft, Powell and Whitmore, alleging that he attended a party held at the home of Powell and hosted by Saft. He alleges that while at the party, he was pushed into the shallow end of a swimming pool by Whitmore and received a serious spinal cord injury. Plaintiff alleges that Saft was a server of alcohol within the meaning of the Liquor Liability Act, that Powell knew that alcohol would be served, and that Saft negligently served Whitmore alcohol when Whitmore was visibly intoxicated. He sought actual and punitive damages for negligence, liability under the Act, battery and negligent failure to provide prompt medical care. A separate count of plaintiff's complaint challenged the constitutionality of the Act on a number of grounds and sought a declaration that portions of the Act are unconstitutional. The State intervened to defend the constitutionality of the Act and, after hearing, the Superior Court determined that the damage cap set forth in 28–A M.R.S.A.

§ 2509 violated equal protection. Rejecting plaintiff's other challenges to the constitutionality of the statute, the court directed the entry of a final judgment pursuant to M.R.Civ.P. 54(b) and defendants and the State appealed.

I

■ In 1987, Maine enacted the Liquor Liability Act setting forth an exclusive remedy for persons injured as the result of negligent or reckless service of liquor by a licensee or any person providing liquor to another. 28–A M.R.S.A. §§ 2501–2519. Damages under the Act are limited as follows:

> In actions for damages permitted by this Act, the claim for and award of damages for all losses, except expenses for medical care and treatment, including devices and aids, against both a server and the server's employees and agents, may not exceed $250,000 for any and all claims arising out of a single accident or occurrence.

28–A M.R.S.A. § 2509. The Superior Court determined that section 2509 violated equal protection because

> the special preferences which the damage cap gives to liquor servers, compared to all other private citizens, and the special handicap which the damage cap imposes on victims of negligent liquor servers, compared to victims of all other private negligence, involve discrimination which has no rational basis in relation to the stated goals of the legislation or any other legitimate legislative purpose stated or unstated.

We conclude that the court misapplied the "rational basis" standard.

■ In considering an equal protection challenge[1] to a statute, we have said:

> It is clear that governmental efforts to alleviate social and economic problems may draw constitutionally sound distinctions among beneficiaries if the dissimilar treatment is rationally related to the objectives of those efforts. The party challenging the classification bears the burden of demonstrating by clear and irrefutable evidence its arbitrariness and irrationally discriminatory nature. Further, the law will be upheld if there exists any *conceivable* state of facts which justifies the distinction. Thus, even if the classification lacks mathematical precision, the law survives constitutional scrutiny unless there exists no conceivable set of facts which prevents the characterization [of the classification] ... as arbitrary, invidious or irrational.

*Beaulieu v. City of Lewiston*, 440 A.2d 334, 338–39 (Me.1982) (citations omitted) (footnote omitted) (emphasis in original); *see Danish Health Club, Inc. v. Town of Kittery*, 562 A.2d 663, 665–66 (Me.1989); *Schweiker v. Wilson*, 450 U.S. 221, 230, 101 S.Ct. 1074, 1080, 67 L.Ed.2d 186 (1981). Faced with an equal protection challenge to a statutory classification that does not impinge on fundamental rights or draw distinctions on a suspect basis such as race, color, creed or national origin, the test is to determine if there is a rational basis for the classification that furthers a legitimate governmental aim. "Whether the enactment is wise or not, and whether it is the best means to achieve the desired result are matters for the Legislature and not the court." *State v. Fantastic Fair & Karmil Merchandising Corp.*, 158 Me. 450, 467, 186 A.2d 352 (1961) (quoting *Baxter v. Waterville Sewerage District*, 146 Me. 211, 214, 79 A.2d 585 (1951)).

The purposes of the Liquor Liability Act are outlined as follows:

1. Primary legislative purpose. The primary legislative purpose of this Act is to prevent intoxication-related injuries, deaths and other damages among the State's population.

2. Secondary purposes. The secondary legislative purposes are to:

> A. Establish a legal basis for obtaining compensation for those suffering

---

[1] Equal protection guarantees are found in the 14th amendment to the U.S. Constitution ("No State shall ... deny to any person within its jurisdiction the equal protection of the law.") and Me. Const., art. 1, § 6–A (No person shall ... be denied the equal protection of the laws ...") and are coextensive. *See Beaulieu v. City of Lewiston*, 440 A.2d 334, 338 (Me.1982).

damages as a result of intoxication-related incidents in accordance with this Act;

B. Allocate the liability for payment of damages fairly among those responsible for the damages, which will encourage liquor liability insurance availability; and

C. Encourage all servers of alcohol to exercise responsible serving practices.

28-A M.R.S.A. § 2502. To achieve these ends, the legislature provided a remedy against a server of alcohol for injuries sustained as a result of the actions of a person who was visibly intoxicated when served. In order to distribute the risk fairly and moderate the cost of liability insurance, the legislature placed a cap on any recovery for non-medical damages. *See generally* Report of a study by the Joint Standing Committee on Legal Affairs, *The Dram Shop Act & Liquor Liability Law in Maine* (1986). Because the statutory classifications are not suspect and because the pursuit of a negligence claim is not a fundamental right, *Maine Medical Center v. Cote*, 577 A.2d 1173, 1177 (Me.1990), the sole question is whether the Act bears some rational relationship to the stated governmental end.

Plaintiff's argument and the opinion of the Superior Court proceed on the premise that under common law principles of negligence, a server of alcohol was fully responsible to third persons injured by the person served. Accordingly, plaintiff argues that it is irrational to seek the stated goal of preventing "intoxication-related injuries, deaths and other damages" by diminishing the liability incurred by serving alcohol. Plaintiff asks how injuries will be reduced by increasing the legal protection afforded to those who serve alcohol. The flaw in plaintiff's argument lies in the premise. We have never ruled on the common law liability of an alcohol server to third persons. *But cf. Klingerman v. Sol Corp. of Me.*, 505 A.2d 474 (Me.1986) (vacating the dismissal of a negligence complaint brought against an alcohol server by the estate of a deceased who died of alcohol poisoning). *See* Comment, *From "Maine Law" to Model Act: Liquor Liability in Maine*, 39 Me.L.Rev. 149 (1987). Accordingly, the legislature could reasonably have concluded that the liability of the server in such circumstances was at least uncertain. The establishment of an unquestioned basis for legal liability, even though including only a limited recovery, could rationally be thought to provide a more effective incentive for the responsible service of liquor and the realization of the primary legislative purpose. In short, the relationship between the means and the goal is rational and does not result in a denial of equal protection under either the state or federal constitution.

Plaintiff next argues that the ruling of the Superior Court can be upheld on alternative grounds. We find no merit in plaintiff's contentions concerning due process (U.S. Const. amend. XIV § 1) (Me. Const. art. I § 6-A), the right to trial by jury (Me. Const. art. I § 20), or the right to a remedy (Me. Const. art. I § 19). The object of the statute bears a rational relationship to the health, safety and welfare of the general public. The means employed are appropriate to the achievement of the ends sought. The manner of exercising the power is not unduly arbitrary or capricious. Thus, there is no violation of due process. *See Danish Health Club, Inc.*, 562 A.2d at 665; *State v. Rush*, 324 A.2d 748, 753 (Me.1974).

■ We recognize that courts in other jurisdictions have relied upon the right to jury and right to remedy provisions in state constitutions in order to invalidate legislative caps on damages. See Comment, *Constitutional Challenges to Caps on Tort Damages*, 42 Me.L.Rev. 219, 240–248 (1990). Although it is conceivable that a statute could limit the measure of tort damages so drastically that it would result in a denial of the right to trial by jury and the denial of a remedy, the $250,000 cap before us is not such a measure. In the present context, the right "to a jury trial means that, with respect to those questions of fact that the substantive law makes material, the party has the right to have a determination made by the jury." *English v. New England Medical Center*, 405 Mass. 423, 541 N.E.2d 329, 331 (1989). Plaintiff does

not have the right to have the jury determine any question he desires. Nor does plaintiff have a right to an unlimited remedy under Me. Const. art. I, § 19. We have defined section 19 to mean: "[t]he court must be accessible to all persons alike without discrimination, at times and places designated for their sitting, and afford a speedy remedy for every wrong recognized by law as remediable in a court." *Maine Medical Center*, 577 A.2d at 1176. We conclude that plaintiff has not demonstrated the unconstitutionality of the damage cap in section 2509.

## II

On cross-appeal plaintiff challenges the Superior Court's failure to strike down other provisions. With regard to exclusivity, the Act provided that it "is the exclusive remedy against servers who may be made defendants under section 2505, for claims by those suffering damages based on the servers' service of liquor." 28-A M.R.S.A. § 2511. Plaintiff repeats the argument made against the damage cap: if the Act is exclusive and includes a cap on damages, the victims of negligent alcohol servers will be deprived of the full remedy they otherwise would have had at common law. Plaintiff also argues that the exclusivity provision burdens his right to jury trial. His arguments are without merit. We have upheld exclusivity provisions in other instances, *Beverage v. Cumberland Farms Northern, Inc.*, 502 A.2d 486, 488–489 (Me.1985) (worker's compensation), and in *Klingerman* we acknowledged that the legislature could provide an exclusive remedy for liquor liability. *Klingerman*, 505 A.2d at 476 ("If the statute does not constitute the exclusive remedy, the merits of the action will be governed by common law principles."). The exclusivity provision is rationally related to the stated goal of making the liability of the server predictable, while at the same time giving victims a cause of action that was heretofore unclear. Section 2511 thus satisfies substantive due process and equal protection, and does not violate the right to jury trial or the right to a remedy.

Plaintiff next challenges the statutory changes made with respect to joint and several liability. The statute provides:

1. Named and retained. No action against a server may be maintained unless the minor, the intoxicated individual or the estate of the minor or intoxicated individual is named as a defendant in the action and is retained in the action until the litigation is concluded by trial or settlement.

2. Several but not joint liability. The intoxicated individual and any server, as described in section 2505, are each severally liable and not jointly liable for that percentage of the plaintiff's damages which corresponds to each defendant's percentage of fault as determined by the court or jury.

28-A M.R.S.A. § 2512. We find no constitutional violation. One of the stated purposes of the Act is to allocate liability for payment of damages fairly in order to encourage the availability of insurance. The legislative purpose is rationally related to the public welfare, and the means employed in section 2512 bear a rational relationship to the achievement of that purpose.

Finally, plaintiff challenges the notice of claims provision:

Every plaintiff seeking damages under this Act must give written notice to all defendants within 180 days of the date of the server's conduct creating liability under this Act.... Failure to give written notice within the time specified is grounds for dismissal of the claim, unless the plaintiff provides written notice within the limits of section 2514 and shows good cause why notice could not have reasonably been filed within the 180–day limit.

28-A M.R.S.A. § 2513. Plaintiff argues that this provision places an enormous burden on him and is irrational. We find no undue burden, particularly in light of the fact that for good cause shown, the statute permits the bringing of an action even after the 180 days. Section 2513 has a legitimate purpose related to the ends of the Act; it makes potential defendants aware

of the need to preserve evidence and recollections, it weeds out doubtful claims, and promotes prompt settlement of valid claims. *Givertz v. Maine Medical Center*, 459 A.2d 548, 550–551 (Me.1983); *Faucher v. City of Auburn*, 465 A.2d 1120, 1124–25 (Me.1983); *see also Giberson v. Quinn*, 445 A.2d 1007, 1009 (Me.1982) ("Maine law is replete with relatively brief time periods in which a party is required to act or otherwise risk the loss of rights.").

The entry is:

Judgment vacated in part. Remanded to the Superior Court for the entry of a declaration of the constitutionality of section 2509. In all other respects, the judgment is affirmed.

McKUSICK, C.J., and CLIFFORD and COLLINS, JJ., concurring.

GLASSMAN, Justice, with whom ROBERTS, Justice, joins, concurring.

Although I agree with the Court's conclusion that the judgment of the Superior Court must be vacated, this case poses no constitutional issues. The analysis set forth in the Court's opinion should be undertaken only after the Court has determined that the party challenging the constitutionality of a legislative enactment on equal protection grounds has demonstrated that the statute in fact classifies persons for different benefits or burdens under the law. This is not such a case. There is no claim in the instant case that the statute provides a special legal remedy to a class of plaintiffs without including in that class all persons similarly situated.

At common law it was not a tort to sell or give alcohol to another and a person injured by the consumer of alcohol could not recover against the provider of the alcohol. The rationale supporting provider non-liability was that the consumption of the alcohol, not the providing of it, was the proximate cause of the injuries. *See Currier v. McKee*, 99 Me. 364, 366, 59 A. 442, 443 (1904); *Gardner v. Day*, 95 Me. 558, 560, 50 A. 892, 893 (1901); *see also* Comment, *From "Maine Law" to Model Act: Liquor Liability in Maine*, 39 Me.L.Rev. 149, 151–56 (1987). The plaintiff in the instant case does not challenge the constitutionality of this common law rule but contends that the Maine Liquor Liability Act (MLLA) places an unconstitutional special burden on the plaintiff. The new cause of action provided by the enactment of the Dram Shop Act was repealed in 1987. *See* P.L.1987, ch. 45, § A, 3. Subsequently, the Legislature again created a new cause of action providing both a right and a remedy in contravention of the common law by its enactment of the MLLA. Because the MLLA provides the plaintiff, and all like plaintiffs, a right to seek recovery against the provider of alcohol for all medical expenses and for any other damages up to $250,000—a right unavailable under the common law—he cannot argue that the damage cap provision of the MLLA imposes an unconstitutional burden on him. *Cf., e.g., Seifert v. Standard Paving Co.*, 64 Ill.2d 109, 120, 355 N.E.2d 537, 540–41 (1976) (limitation of damages in tort recovery against state under statute waiving governmental immunity does not implicate equal protection concerns because no cause of action prior to enactment).