Julia SAMSON

v.

John DiCONZO, et al.

Supreme Judicial Court of Maine.

Argued Dec. 6, 1995.
Decided Jan. 17, 1996.

Peter L. Thompson (orally), Ronald R. Coles, Kennebunk, for Plaintiff.

Timothy J. Bryant (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Plaintiff Julia Samson appeals from the dismissal in the Superior Court (Oxford County, *McKinley, A.R.J.*) of her complaint against her employers, John and Priscilla DiConzo. She contends that the court erred in holding that the exclusivity provisions of the Maine Workers' Compensation Act, 39–A M.R.S.A. §§ 104 and 408 (Supp.1994), preclude the maintenance of an action pursuant to the Maine Liquor Liability Act, 28–A M.R.S.A. §§ 2501–2520 (Liquor Act), against the DiConzos. She further contends that the court erred in rejecting the "dual persona doctrine" as an alternative basis for imposing liability on the DiConzos. Finding no error, we affirm the judgment.

The facts as set forth in the complaint are as follows. Plaintiff worked as a cocktail waitress at the Candlestick Lounge in Rumford. The lounge is owned and operated by the DiConzos. On May 20, 1993, plaintiff was working and defendant Jacob Gallant, a customer, was drinking at the Candlestick. He was 19 years old at the time. Later that evening he fired a gun inside the lounge and a bullet struck plaintiff in her knee.

Plaintiff filed a seven count complaint in the Superior Court. The first five counts alleged various theories of liability against Gallant. The remaining counts alleged negligent service of liquor and reckless service of liquor pursuant to the Liquor Act against the DiConzos. A judgment of default was entered against Gallant. The DiConzos moved to dismiss the complaint against them pursuant to M.R.Civ.P. 12(b)(6). They argued that because plaintiff's injury arose out of and in the course of her employment the workers' compensation payments were her exclusive remedy. They further argued that they are exempt from liability because an action pursuant to the Liquor Act is an action at common law.[1] Plaintiff argued that the exclusivity provisions of the Workers' Compensation Act did not apply because an action pursuant to the Liquor Act had not been available at common law and, alternatively, if the exclusivity provisions did apply, the DiConzos should be liable under the "dual persona doctrine." The court granted the DiConzo's motion to dismiss and plaintiff appeals.

In *McKellar v. Clark Equipment Co.*, 472 A.2d 411 (Me.1984) we held that the enactment of a statute of general application extending the common law right to recover lost consortium to married women did not evidence an intent on the part of the legislature to override the exclusivity provisions of the Workers' Compensation Act. We discussed the difficulty in isolating the precise source of a cause of action, stating:

Even the traditional common law action for negligence is, at this point in our history, a curious amalgam of decisional law and

---

1. 39–A M.R.S.A. § 104 provides, in part:

An employer who has secured the payment of compensation in conformity with sections 401 to 407 is exempt from civil actions, either at common law or under sections 901 to 908, Title 14, sections 8101 to 8118, and Title 18–A, section 2–804, involving personal injuries sustained by an employee arising out of and in the course of employment, or for death resulting from those injuries. These exemptions from liability apply to all employees, supervisors, officers and directors of the employer for any personal injuries arising out of and in the course of employment, or for death resulting from those injuries. These exemptions also apply to occupational diseases sustained by an employee or for death resulting from those diseases. These exemptions do not apply to an illegally employed minor as described in section 408, subsection 2.

39–A M.R.S.A. § 408 provides, in part:

Except as provided in subsection 2, an employee of an employer who has secured the payment of compensation as provided in sections 401 to 407 is deemed to have waived the employee's right of action at common law and under section 104 to recover damages for the injuries sustained by the employee.

statute. The mere introduction of a statutory change, however, does not convert an area of common law liability into a statutory cause of action any more than a statutory cause of action would be converted by the fact of subsequent judicial interpretation.

*McKellar*, 472 A.2d at 413.

Plaintiff recognizes that an action pursuant to the Liquor Act is a variation on the common law of negligence. She seeks to distinguish *McKellar*, however, on the basis that it involves the mere extension of a claim recognized at common law. Whether, before the Liquor Act, there has ever been a successful recovery for negligent service of alcohol is immaterial. Plaintiff's action is grounded in the law of negligence, and the enactment of the Liquor Act does not dissolve its common law roots. The fact that this variant of negligence has been codified by the Legislature does not remove it from the realm of traditional common law torts.

Furthermore, were there any cause for doubt that an action for negligent service of liquor was recognized at common law in Maine prior to the enactment of the Liquor Act, we have definitively answered that question. In *Klingerman v. SOL Corp.*, 505 A.2d 474 (Me.1986) we considered whether Maine's Dram Shop Act (17 M.R.S.A. § 2002) precluded common law recovery of damages for the negligent sale of liquor. The personal representative in *Klingerman* brought a wrongful death action on behalf of a decedent who had died of alcohol poisoning after consuming a large quantity of alcohol served at a hotel. She brought an action seeking damages under the Dram Shop Act and at common law, and the trial court granted the defendants' motion to dismiss.

The threshold question before us in *Klingerman* was whether the Dram Shop Act was the exclusive remedy for actions of this kind. We determined that the statute was not the exclusive remedy and thus that the merits of the action would be governed by common

law. Although there were turn-of-the-century cases [2] stating that there was no cause of action for damages resulting from the sale of liquor, we recognized that those cases were at odds with the concept of proximate cause as a question traditionally left to the trier of fact. Thus we held that we were unable to rule as a matter of law that the sale of, as opposed to the consumption of, intoxicants could never constitute a proximate cause of injury. *Klingerman*, 505 A.2d at 478. By vacating the trial court's dismissal for failure to state a claim, our holding necessarily recognized a common law action for the negligent service of alcohol. Although the case did not involve a third party claim, we explicitly rejected the historical basis for shielding servers of alcohol from liability.

■ We turn next to plaintiff's argument that the DiConzos are liable under the dual persona doctrine. We have applied the doctrine when an employer occupies a dual legal relationship with employees. For example, in *LaBelle v. Crepeau*, 593 A.2d 653 (Me. 1991) we held that the corporate employer's immunity did not extend to the major shareholder's capacity as landlord and owner of the work site. *Cf. Hatch v. Lido Co. of New England*, 609 A.2d 1155, 1156 (Me.1992).

■ The dual persona doctrine applies only when the second persona is so independent from the employer status that it constitutes a separate legal entity. *Li v. C.N. Brown*, 645 A.2d 606, 609 (Me.1994). Plaintiff has failed to show that the DiConzos have a second status that constitutes a separate legal entity. That the DiConzos performed different functions and duties within their restaurant is obvious, but they did so in their individual capacities.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** *See, e.g., Currier v. McKee*, 99 Me. 364, 366, 59 A. 442 (1904) ("R.S. 1883, c. 27, § 49,—now R.S. 1903, c. 29, § 58,—creates a new cause of action [seller or server liability to a third party for injury caused by an intoxicated person] *unknown to the common law....*") (emphasis added) and *Gardner v. Day*, 95 Me. 558, 560, 50 A. 892 (1901) (construing a liquor liability statute and stating that such a remedy was unknown to the common law).