STATE OF MAINE

CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-444

RAC -CUM- 10/4/2004

Christine Marcoux,
    Plaintiff

v.

Parker Hannifin/Nichols Portland Division,
    Defendant

ORDER



OCT 29 2004

---

Before this court is Defendant Parker Hannifin/Nichols Portland Division (Nichols) Motion for Summary Judgment pursuant to M.R. Civ. P. 56.

## FACTS

Christine Marcoux (Plaintiff) receives worker's compensation benefits for personal injuries suffered on August 9, 1999, when she slipped and fell at Defendant Nichols' workplace in Portland, Maine. At the time, the Plaintiff worked for Kelly Services, a staffing company that contracts to recruit, screen, hire, place and oversee temporary employees for its customers, including Nichols. Plaintiff was a full-time Service Manager for Kelly, serving, with her assistant, as an on-site coordinator at Nichols, meeting with Nichols' personnel to determine Nichols' need for temporary employees, and placing and managing those employees through Nichols supervisors. Plaintiff's duties kept her at the Nichols' location three to four days a week, where she had her own desk and phone extension.

On the day she fell, Plaintiff was walking to the Nichols' production floor, down an aisle that ran past production machines. She chose her path to avoid a

1

green stain on the floor by one of the machines. Plaintiff lost her footing and went down on her right knee, rotating and twisting her back. There were no known witnesses to her fall. Plaintiff filed a First Report of Injury for a Workers' Compensation claim on or about September 30, 1999 with Kelly Services, who notified Nichols of the accident. Kelly Services secured the payment of Workers' Compensation benefits for the Plaintiff.

On August 11, 2003, Plaintiff brought an action in Negligence against Nichols for her injuries, which Nichols denied. On May 13, 2004, Nichols filed this Motion for Summary Judgment, asserting that Plaintiff's claims are barred under the Maine Workers' Compensation Act, 39-A M.R.S.A. § 104, providing employers with statutory immunity from the tort actions of employees of a "temporary help service" such as Kelly Services. Nichols also maintains the Plaintiff offers no evidence of the causation elements of her negligence claim.

## DISCUSSION

The Plaintiff argues that, at the time of the accident, she was an employee of Kelly Services and an independent contractor with Nichols as defined in Maine Workers' Compensation Act, § 102 (13). Because Nichols was not Plaintiff's employer, the Plaintiff maintains Nichols is not immune from Plaintiff's suit under the statute extending employer immunity to clients of temporary help services. Plaintiff also argues there is ample evidence that would allow a reasonable jury to conclude Nichols negligently left fluid on its production floor, negligently failed to warn Plaintiff of the hazard, and negligently caused Plaintiff's injuries.

In a Motion for Summary Judgment, the moving party asserts that no issue of material fact exists, and that judgment may be rendered as a matter of law. The court will find:

> summary judgment is warranted when the statement of material facts and pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, cited in the statement of material facts establish that there is no genuine issue of material fact and that a party is entitled to a judgment as a matter of law.

Darling's v. Ford Motor Co., 2003 ME 21, ¶4, 825 A.2d 344, 345.

I.     Employer Immunity Under 39-A M.R.S.A. § 104

The parties dispute how to characterize Plaintiff's status at Nichols. Defendant maintains that Plaintiff's job falls squarely within the statutory definition of a "temporary help services" employee under the Workers' Compensation Act, and that Plaintiff's tort action against Nichols is barred by that statute. Plaintiff maintains she was at all times a full-time employee of Kelly Services; although her work was to provide Nichols with temporary workers, she herself was not under the direction and control of Nichols, and was an "independent contractor" for purposes of the Workers' Compensation Act.

Under Maine's Workers' Compensation Act, "an employer that uses a private employment agency for temporary help services is entitled to the same immunity from civil actions by employees of the temporary help service as is granted with respect to the employer's own employees . . . 39-A M.R.S.A. § 104 (2001). This law was passed in 1995 to close a "loophole" in the Workers' Compensation statutes that permitted employees hired through temp agencies and injured on the job, both to receive workers' compensation benefits and to sue their third party employers. The result was workplaces where side-by-side

3

employees had very different legal rights respecting their employer.[1]  In supporting the bill, insurers argued there should be no distinction made for purposes of employer immunity between a worker who "technically" is employed by a temporary agency but who "actually" is employed by the business utilizing the agency.

> The immunity statute defines a "temporary help service" as:
>
> a service where an agency assigns its own employees to a 3rd  party <u>to work under the direction and control of the 3rd party</u> to support or supplement the 3rd party's work force in work situations such as employee absences, temporary skill shortages, seasonal work load conditions and special assignments and projects.

39-A M.R.S.A. § 104 (2001) (emphasis added).  The phrase "to work under the direction and control of the 3rd party" was added by amendment before the statute was enacted, to avoid confusion over which employees fell under the rule.[2]  Comm. Amend. A to L.D. 121, No. H-401 (117th Legis. 1995).  The committee stated the amendment clarified that "immunity only applies when the loaned employee is under the direction and control of the 3rd party." <u>Id</u>.

The Law Court has found that "[t]he issue of employment status under the Workers' Compensation Act to be a mixed question of fact and law."[3]  <u>Stone v. Thorbjornson</u>, 656 A.2d 1211, 1213 (Me. 1995).  The First Circuit, for example, held that a painter was an independent contractor under Maine's Workers' Compensation Act as a matter of law by weighing the statutory factors, and,

---

[1]  Bill Analysis: Proponents Arguments to L.D. 121, from Lisa Copenhaver, Legal Analyst, March 28, 1995.

[2] Testimony, James H. McGowen, Executive Director, Workers' Compensation Board, before the Joint Standing Committee on Labor, hearing March 15, 1995 (mentioning the various treatment of "temporary agencies," "employee leasing companies" "temporary employment" and similar terms in other statutes was potentially confusing).

[3] The Law Court explains "our ambivalence" by finding the Court will defer to the Board in factual matters, unless the Board's decisions fall outside the range of reasonable conclusions, or the Board misconceives the legal standard. <u>Timberlake v. Frigon</u>, 483 A.2d 1294, 1296 (Me. 1982).

alternatively found a disputed issue of fact as to whether the defendant exercised "essential control or superintendence," over the painter. Wood v. U.S. 115 F. Supp. 2d (D.Me. 2000). Disputes as to employment status, particularly for purposes of immunity and compensation, frequently take the form of distinguishing employees from independent contractors.[4] A. LARSON, LARSON'S WORKER'S COMPENSATION LAW, § 60.02 (2000). Because independent contractors are expressly excluded from the definition of employee, employer immunity from personal injury liability expressly does not extend to suits brought by independent contractors. 39-A M.R.S.A. § 906 (2001).

Maine's Workers' Compensation Act defines an independent contractor as "a person who performs services for another under contract, but who is not under the essential control or superintendence of the other person while performing those services." 39-A M.R.S.A. § 102(13) (2001). The statute provides eight factors to be weighed by the fact finder[5] when determining whether an independent contractor relationship exists:

> A. Whether or not a contract exists for the person to perform a certain piece or kind of work at a fixed price;
>
> B. Whether or not the person employs assistants with the right to supervise their activities;
>
> C. Whether or not the person has an obligation to furnish any necessary tools, supplies and materials;
>
> D. Whether or not the person has the right to control the progress of the work, except as to final results;

---

[4] "No one has ever succeeded in stating a rule or set of rules which . . . will reveal where the line between employment and independent contract lies. [F]or vicarious liability and for compensation purposes, [the approach] usually take[s] the form of listing factors similar to those in the *Restatement,* and then leaving the weight to be given each factor to be decided by the triers off the particular case." A. Larson, Larson's Workers' Compensation Law at § 60.02.
[5] Most often, the Workers' Compensation Board.

E. Whether or not the work is part of the regular business of the employer;

F. Whether or not the person's business or occupation is typically of an independent nature;

G. The amount of time for which the person is employed; and

H. The method of payment, whether by time or job.

In applying these factors the board may not give any particular factor a greater weight than any other factor, nor may the existence of any one factor be decisive. The board shall consider the totality of the relationship in determining whether an employer exercises essential control or superintendence of the person. [6]

39-A M.R.S.A. § 102(13) (2001). Thus a "lumper" who unloaded and sorted fish from a fishing vessel was held to be an employee of the fishing vessel when he worked without a contract, his work was an integral part of the employer's regular business, he did not work for other employers, he was paid by the hour, he did not supply his own equipment, he did not hold himself out to be an independent contractor, and he had no control over his hours of employment. Stone v. Thorbjornson, 656 A.2d 1211, 1214 (Me. 1995). [7] The First Circuit refused to grant summary judgment in favor of the defendant U.S. Navy, finding that there was an issue of fact as to whether the Navy or a painting contractor exercised "essential control or superintendence" over an injured painter for

---

[6] Modern workers' compensation law in many jurisdictions gives two factors particular weight: first, the employer's actual control over the employee, with an emphasis on actual direction, right of termination, method of payment and and who furnishes equipment; second the relationship between the employee's work and the regular business of the employer, that is whether the employee's work is an integral part of the employer's regular business or whether the employee is engaged in a business of her own. A. Larson, Larson's Workers' Compensation Law at § 60.04.

[7] Massachusetts Superior Court, in a very similar case to the one before the court, used a two-part test to determine which party, an employment agency or its customer, was entitled to the exclusive remedy of workers' compensation, asking 1) which employer was liable for payment of the compensation; and 2) which employer had directly, rather than indirectly, employed the plaintiff. Margolis v. Precourt & Sons, Inc., 10 Mass. L. Rep. 43 (Ma. 1999).

purposes of employer immunity under Maine's Workers Compensation Act. Wood v. U.S., 115 F.Supp. 2d 9, 17 (D. Me. 2000).

Here, the parties vigorously dispute whether Plaintiff was a temporary services employee of Nichols, subject to the statute granting immunity to employers, or was an independent contractor with Nichols and an employee of Kelly. Defendant Nichols argues there is no distinction between the direction and control Nichols exercised over the Plaintiff as Kelly's on-site coordinator, and the direction and control they exercised over the scores of workers that Kelly Services provided under contract. Defendant relies on the fact that providing a full-time on-site coordinator was part of the larger contract negotiated with Kelly, that the contract called for overhead payments, which included Plaintiff's salary, and that Nichols could request a different on-site coordinator from Kelly if Nichols objected to Plaintiff's job performance. Defendant also relies on evidence that Plaintiff posted a fixed schedule of hours she would be at Nichols, and had a desk and phone extension there.

Plaintiff distinguishes her employment status from that of the "temporary help services employees" Kelly supplied to Nichols, in the matter of direction and control. Plaintiff's evidence suggests she was a full time employee of Kelly Services before its contracted with Nichols, that Kelly directed her activities, trained and paid her, supplied her with a computer and office supplies for her work at Nichols, had the authority to fire her, and assigned her a range of tasks not limited to her responsibilities at Nichols. It is undisputed that Kelly Services provided Plaintiff with her Workers' Compensation benefits when she was injured at Nichols' facility.

Viewing the evidence in the light most favorable to Plaintiff, there is a genuine issue of material fact as to the control and direction asserted by Nichols over Plaintiff, and therefore, as to Plaintiff's employment status for purposes of Maine's Worker's Compensation Act. The parties' undisputed facts establish several of the statutory criteria to be weighed in determining whether Plaintiff meets the definition of an independent contractor under 39-A M.R.S.A. § 102 (13). Because the issue of Plaintiff's statutory employment status is material to Defendant Nichols' immunity and liability, summary judgment should be denied.

## II.     Causation Element of Negligence Claim

The Law Court holds that proximate causation is a question of fact, for the jury. Klingerman v. SOL Corp. of Maine, 505 A.2d 474, 478 (Me. 1986). Evidence is sufficient to support a finding of proximate causation when that evidence shows that defendant's conduct played a substantial role in bringing about, or actually caused injury to the plaintiff, and that such injury was the direct result or a foreseeable consequence of the defendant's conduct. Wing v. Morse, 300 A.2d 491, 495-96 (Me. 1973). "[W]hen the matter remains one of pure speculation or conjecture, or even if the probabilities are evenly balanced, a defendant is entitled to judgment." Niehoff, 2000 ME 214, ¶ 8, 763 A.2d at 124 (citing Merriam v. Wagner, 2000 ME 159, ¶ 8, 757 A.2d 778, 781).

The parties hotly dispute what caused the Plaintiff to fall. The Defendant asserts that Plaintiff has provided no facts to show the cause of her slip and fall other than testimony that contradicts her earlier sworn deposition. Defendant correctly asserts that "a party will not be permitted to create an issue of material fact in order to defeat a summary judgment motion simply by submitting an

8

affidavit disputing his own prior sworn testimony." Zip Lube, Inc. v. Coastal Sav. Bank, 1998 ME 81, ¶ 10, 709 A.2d 733, 735. Defendant objects to the fact that, in an earlier deposition, Plaintiff asserted she saw nothing on the ground directly in front of her as she walked before she fell. In Plaintiff's later affidavit, Plaintiff adds that she felt the floor felt slippery under her feet when she fell, and that she saw dark fluid on the ground next to her, after she fell.

Plaintiff has supplied other evidence of causation that is not disputed. Plaintiff testified that she saw fluid on the ground under a machine and next to where she walked before she fell, that the pool of fluid was dark green in the middle and that the color faded toward its edges, that she was wearing sensible shoes, and that after she fell, she noticed a fluid stain on her pants over the place where her knee was bruised.

Viewing the evidence in the light most favorable to the Plaintiff, there is a genuine issue of fact regarding the cause of Plaintiff's injuries that is material to her cause of action in negligence. Summary judgment on this ground must therefore be denied.

**WHEREFORE,** this court **DENIES** Defendant Nichols' Motion for Summary Judgment pursuant to M.R. Civ. P. 56.

Date___October 5, 2004___

Roland A. Cole
Justice, Superior Court .

9

HOWARD REBEN ESQ
PO BOX 7060
PORTLAND ME 04112

RUSSELL PIERCE ESQ
PO BOX 4600
PORTLAND ME 04112