STATE OF MAINE                                              SUPERIOR COURT
                                                              CIVIL ACTION
YORK, ss.                                            DOCKET NO. CV-05-229


SUSAN L. BLANCHETTE, Administratrix
of the Estate of Jennifer L. Couture,

                        Plaintiff


        v.                              **ORDER AND DECISION**


RICHARD W. CLOUGH,
JOHN McSHEEHEY, Trustees of
Big Rock Realty Trust,
BIG ROCK REALTY TRUST,
and MARK RIOUX,                                    AUG 02 2007

                        Defendants
LAW LIBRARY
DONALD L. GARBRECHT

Susan Blanchette, as the administratrix of the estate of her daughter Jennifer Couture, has filed suit because of the death of her daughter following a party on July 26, 2003 organized by the Mountain Men Motorcycle Club. Her daughter was killed while riding on a motorcycle driven by Mark Rioux who had been at the party and was intoxicated. The party was held on land owned by Big Rock Realty Trust.

Ms. Blanchette has filed an amended complaint alleging that Mr. Rioux and Big Rock and its Trustees Richard Clough and John McSheehey are liable both under the Maine Liquor Liability Act, 28-A M.R.S.A. §§2501-*et seq.* and under common law. Big Rock, Mr. Clough and Mr. McSheehey have filed a motion for summary judgment which has been briefed and argued.

The Maine Liquor Liability Act defines "server" as a "person who sells, gives or otherwise provides liquor to an individual." 28-A M.R.S.A. §2503(5). Servers,

regardless of whether they have or are required to have a liquor license or not, can be liable, under varying circumstances depending upon their status, for either the negligent or reckless service of liquor. The Act states, however, that, "This Act is the exclusive remedy against servers who may be made defendants ... for claims by those suffering damages based on the servers' service of liquor." 28-A M.R.S.A. §2511.

Under the Act there is a notice requirement obligating the plaintiff to "...give written notice to all defendants within 180 days of the date of the server's conduct creating liability under this Act." 28-A M.R.S.A. §2513. The defendants who filed this motion claim that Mr. Rioux was not given a timely notice. The plaintiff, through an affidavit of her counsel, has attempted to rebut this claim by asserting that timely notice was mailed. Regardless of whether this effort and the plaintiff's opposition meets the precise requirements of Rule 56(h)(2) and (4), M.R.Civ.P., there is a more fundamental problem with the plaintiff's claim under the Act.

There is no evidence that Big Rock, Mr. Clough or Mr. McSheehey were "servers". While the Mountain Men or their individual members may have been "servers" the evidence does not establish that these defendants were. The Big Rock property was used to host a gathering where apparently the likelihood of excessive alcohol consumption was high. Big Rock and its trustees as the property owners do not, however, under our facts come within the definition of server. While this is a very tragic case the Maine Liquor Liability Act does not impose liability against Big Rock and the trustees.

As a secondary claim Ms. Blanchette has suggested that common law liability also exists. Since the Big Rock defendants are not "servers" they are not necessarily protected by the provisions of 28-A M.R.S.A. §2511 which states that the Act is the exclusive remedy against "servers". The plaintiff, however, has provided no precedents

2

where the owner of real estate was found liable because someone using the property may have recklessly or negligently served alcohol. In her objection to motion for summary judgment the plaintiff stated, "The Plaintiff agrees, that the (Act) is the only remedy against the servers, but contends that a conspiracy theory with respect to their contributions to the issue of serving liquor is appropriate..." No cases were cited supporting the claim and *Peters v. Saft*, 597 A.2d 50 (Me. 1991) does not provide a basis for common law or other liability against a non-server owner of the premises where alcohol was served. The concurring opinion is actually somewhat helpful to the defendants. Also see "From 'Maine Law' to Model Act: Liquor Liability in Maine", 39 Me.L.Rev. 149, 183, note 194. (1987), where it is suggested that "Suits sounding in negligence against the owner of a building in which liquor is served should be barred by the Liquor Liability Act's 'exclusive remedy' provision ..." Lastly, also see *Trusiani v. Cumberland & York Distributors, Inc.*, 538 A.2d 258 (Me. 1988).

The entry is:

The motion of defendants Richard W. Clough, John McSheehey and Big Rock Realty Trust for summary judgment is granted. Judgment for Richard W. Clough, John McSheehey and Big Rock Realty Trust on the amended complaint with costs.

Dated:      May 10, 2007

R. Peter Taylor, Esq. - PL
W. G. Large, Esq. - DEFS RICHARD W. CLOUGH,
TRUSTEE, JOHN MCSHEEHEY, TRUSTEE BIG ROCK
REALTY TRUST
MARK RIOUX (DEFENDANT) - PRO SE

Paul A. Fritzsche
Justice, Superior Court

3