STATE OF MAINE                    SUPERIOR COURT
SOMERSET, ss.                     DOCKET NO. CV-07-04
                                 KME-SOM - 1/14/2008

ROBERT LANCASTER,        )
        Plaintiff        )
                         )
        v.               )        ORDER ON SUMMARY
                         )        JUDGMENT MOTION    DONALD L. GARBRECHT
JESSE DEMO, et al.,      )                             LAW LIBRARY
        Defendant        )
                                              JAN 30 2008

Pending before the Court, is Defendant's, Jesse Demo,

Motion for Summary Judgment pursuant to M.R. Civ. P. 56.

**FACTUAL BACKGROUND**

Unless otherwise stated the following facts are

undisputed. On or about October 13, 2006, Plaintiff,

Robert Lancaster was riding in a pickup truck driven by

Defendant, Michael Bowden. Bowden, who had been consuming

alcohol prior to diving, lost control of his pick-up truck.

The truck crashed and Plaintiff suffered serious personal

injuries.

Prior to the October 13, 2006, accident, Defendant

Bowden began drinking at 5:30 pm. Defendant's Statement of

Material Fact (DSMF) ¶ 1. He later went to Defendant Jesse

Demo's family camp (Jesse Demo Camp) arriving around 8:30

pm and leaving around 11:00 p.m. Plaintiff's Opposition to

Defendant's Statement of Material Fact (PODSMF) ¶ 9. While

at Jesse Demo Camp, Defendant Bowden drank several beers.

DSMF ¶ 5; PODSMF ¶ 9. All beer consumed by Bowden at Jesse

1

Demo Camp was beer he brought. DSMF ¶ 10. Defendant Jesse Demo did not offer or provide Bowden with any beer. *Id.*

Bowden's knowledge of and invitation to Jesse Demo Camp on October 13, 2006 is in dispute. DSMF ¶ 4; PODSMF ¶ 4. But it is undisputed that Bowden had not previously been to the camp or specifically knew where it was located. DSMF ¶ 5.

The parties also agree that on the date in question, Jesse Demo did not own the camp where this gathering took place and that Jesse Demo was a minor.[1] DSMF ¶¶ 7-8.

### PROCEDURAL BACKGROUND

Plaintiff filed a multiple count complaint against multiple defendants, including Bowden, and Jesse Demo on December 15, 2006. Two amended complaints were filed, the most recent on April 5, 2007. The Counts against Defendant Jesse Demo are Count 2, alleging liability under the Maine Liquor Liability Act, 28-A M.R.S.A. § 2501 et seq. and Count 4, alleging negligence as a result of (1) failing to supervise guests at the camp and (2) making the camp available to minors to consume alcohol.

Defendant Jesse Demo's initial motion for summary judgment was filed on March 22, 2007. The matter was stayed by agreement pending the completion of further

---

[1] From Defendant's March 2007 statement of material facts.

2

discovery. Plaintiff filed its opposition to summary judgment memo and additional statements of material facts on April 10, 2007. Plaintiff filed an amended opposition memo and opposing statement of material facts on July 26, 2007. On August 3, Defendant Jesse Demo filed an amended memo in support of summary judgment, a second motion for summary judgment and statement of material facts. Plaintiff filed an opposition and to the motion, statements and additional statements of material fact on August 20, 2007. Defendant filed a reply to the Plaintiff's memo and statement of material facts on August 27, 2007.

## DISCUSSION

### A. *Liquor Liability (Count 2)*

Maine's Liquor Liability Statute provides damages for "bodily injury or death proximately caused by the consumption of the liquor served by the server." 28-A M.R.S.A. § 2508. In addition, "a server who negligently serves liquor to a minor is liable for damages proximately caused by that minor's consumption of the liquor." 28-A M.R.S.A. § 2506(1). "Server" is defined in the statute as "a person who sells, gives or otherwise provides liquor to an individual." 28 M.R.S.A. § 2503(5).

The undisputed facts show that the only alcohol consumed by Bowden while at Jesse Demo Camp on the night in

question was alcohol he brought himself. Therefore, under the statute, Defendant Jesse Demo, was not Plaintiff's "server" and therefore the inescapable conclusion is that Defendant cannot be found liable under the Liquor Liability Statute. Accordingly, as to Count 2, the Motion for Summary Judgment filed by Defendant Jesse Demo must be and is hereby GRANTED. Count 2 is hereby dismissed against Jesse Demo.

### B. Negligence

Count 4 alleges two theories of liability under the heading of negligence. First is the allegation of failing to supervise guests. Second is the allegation of making the camp available to minors for alcohol consumption.

#### 1. Duty Generally

Before reaching the theories of recovery under the common law tort of negligence the burden is on the Plaintiff to establish each of the four elements of negligence. That is, there must be proof of (1) duty, (2) breach, (3) causation, and (4) damages. *Maddocks v. Whitcomb*, 2006 ME 47, 896 A.2d 265. "Whether one party owes a duty of care to another is a matter of law." *Quadrino v. Bar Harbor Banking and Trust Co.*, 588 A.2d 303, 304 (Me. 1991). A duty is "an obligation to which the law

4

will give recognition and effect, to conform to a particular manner of conduct toward another". *Id.*

### 2. Duty as a Social Host

The existence of Defendant Jesse Demo's duty as a social host needs to be first explored as between himself and the Plaintiff. The undisputed facts confirm that Jesse Demo was a minor, and he did not serve alcohol to Defendant Bowden or Plaintiff Lancaster. Also undisputed is the fact that Plaintiff was never at Jesse Demo Camp on the night in question.[2] DSMF ¶ 12. He was not injured at or on Jesse Demo Camp property, but while riding in the truck of Defendant Bowden as they drove to Mercer, Maine.[3] POSMF ¶ 28.

"Under Maine Law, a possessor of land owes a duty to use reasonable care to all persons lawfully on the premises."[4] *Erickson v. Brennan*, 513 A.2d 288, 289 (Me. 1986) (citations omitted). Duty is a question of whether a defendant is under any obligation for the benefit of the plaintiff. *Trusiani v. Cumberland & York Distribs., Inc.*, 538 A.2d 258, 261 (Me. 1988). Because Plaintiff Lancaster was never at Jesse Demo Camp, the issue before this court

---

[2] From Defendant's March 2007 Statement of Material Facts.

[3] From Plaintiff's April 2007 Opposing and Additional Statement of Material Facts.

[4] Jesse Demo did not own Jesse Demo Camp on the date in question. He did have permission by the owners to have people at the camp without an adult present.

is whether Defendant Demo's duty extended to Plaintiff Lancaster, an individual not on the premises. Specifically, did Defendant Demo have an obligation to control the drinking of those on his property for the benefit of those not on his property?

Plaintiff has identified no such duty recognized in Maine. Rather Plaintiff cites to the recent case of *Nichols v Progressive Northern Insurance Co.*, 2007 WI App 110, 730 N.W.2d 460. The facts of the *Nichols* case are similar to this case in that the Niesens (parents) hosted a party for a number of underage high school students who they knew were drinking alcohol. Beth Carr was drinking at the party, drove away intoxicated and collided with the Nichols vehicle. The Wisconsin Court analyzed the issue of whether a duty of care existed and concluded on social policy grounds that "it was reasonably foreseeable that permitting underage high school students to drink alcohol on the Niesens' property would result in harm to some persons or something." *Nichols* at ¶ 23. That is, the Court recognized a duty of ordinary care imposed on the social hosts who knowingly provides an environment for under age drinking of alcohol. In this decision, the Wisconsin court used public policy factors recognized in the state as a basis for recognizing a duty of care and

6

concluded that such a basis existed on which to base recognition of a duty of care.

When the Law Court last spoke on this issue and the existence of a common law duty, it was in the context of the Liquor Law Liability Act and the caps on damages. See *Peters v. Saft*, 597 A.2d 50 (Me. 1991). In its decision, the Court gave some insight into the direction of its thinking. The concurring opinion of Justices Glassman and Roberts noted that historically in Maine common law, it was not a tort to give or sell alcohol to another. *Peters*, 597 A.2d at 55. The rationale for finding no tort was that it was the consumption of alcohol, not the providing of it, that could proximately cause injuries. *Id.*; Currier v. McKee, 99 Me. 364, 366 (Me. 1904). The *Peters* Court went on to note that the enactment of the Liquor Liability Act created a new cause of action by providing a right and remedy in contravention of the common law. *Peters*, 597 A.2d at 55.

It does not appear to this Court that the law in Maine recognizes the existence of a duty as recently recognized by the Wisconsin Court in *Nichols*. In decided whether to recognize a new duty, this Court considered the following: (1) the remoteness of the injury in time and place; (2) the burden on the alleged minor tortfeasor; (3) the implication

of liability on owners who were not present at the gathering or did not know or have reason to know of the gathering or the use of alcohol at the gathering; (3) the existence of a rationale limit to imposing a duty and potential liability; (4) the voluntary intoxication by the guest who caused injuries as being out of proportion to the responsibility of the minor social host; (5) along with the many factors identified by the Wisconsin Court in *Nichols*.

Additionally, this Court notes that the Law Court has declined to create new duties in areas where the Legislature has acted. See *Gafner v. Down East Community Hospital*, 1999 ME 103, ¶ 42 735 A.2d 969, 979, stating "[before the expansion of tort liability into an area that has been significantly controlled by the Legislature, we should allow the Legislature to address the policy considerations and determine whether imposing such a duty constitutes wise public policy." In this instance, the legislature has acted to impose duties on the server of alcohol resulting in damages to third parties, but has not created a duty beyond that situation. In its analysis of Count 2 of this complaint, this Court has not found the Liquor Liability Act applicable to these facts. The Court has not found the existence of a duty under Maine law as applied by the Wisconsin Court in *Nichols*.

For the foregoing reasons, the Court declines to recognize a new duty on a minor social host. Absent a cognizable duty, the Court concludes as a matter of law, that Defendant Jesse Demo cannot be liable in negligence. Therefore the Motion on behalf on Defendant Jesse Demo is GRANTED. Count 4 is hereby dismissed.

Although the Court has dismissed the motion because Defendant Jesse Demo did not owe a duty to Plaintiff, the Court thinks it important to point out the narrowness or non-existence of Plaintiff's theories of liability.

### 3. Negligent Supervision

The Law Court has only recently and reluctantly acknowledged the tort of negligent supervision in Maine and did so in the context of the employer/employee relationship when a priest abused a minor in the course of the priest's employment. *See Fortin v. Roman Catholic Bishop of Portland*, 2005 ME 57, 871 A.2d 1208. The Law Court in *Fortin*, acknowledged earlier speculation as to when and if Maine would adopt the tort of negligent supervision. In regards to recognizing this tort in Maine, Judge Woodcock of the Federal District Court of Maine is reported to have noted "(t)he best [that one] can say is the Law Court has implied it will rule on whether the tort [of negligent

9

supervision] exists if the proper set of facts comes before it." *Fortin*, 871 A.2d at 1216.

No Maine case law has been presented that suggests that the Law Court is prepared to impose liability for negligent supervision to situations other that those involving actions in an employment setting. Accordingly, imposition of liability, here, on Jesse Demo, would not be reasonable based on the facts. The expansion of the applicability of the tort of negligent supervision, should it take place, must come from the Law Court. Therefore, the Court declines to recognize a claim by a third party against a social host for negligent supervision, whether or not the host is a minor.

### 4. *Providing a Place to Consume Alcohol*

The Plaintiff has provided no Maine precedents where one who provides a place to consume alcohol was found to be liable to a third party because someone on the property consumed his or her own alcohol and injured the third party. The court declines to recognize such a claim here.

### CONCLUSION

This Court is not prepared to impose a new duty on social hosts to control those who injure another not on the premises. Without a duty, Defendant Jesse Demo cannot be held liable under the theory of negligent supervision by

10

a social host, or for providing an environment for minors to consume alcohol.

The entry shall be:  The Motion for Summary Judgment on Behalf of Jesse Demo is hereby GRANTED.  Counts 2 and 4 are dismissed.

At the direction of the Court, this Order shall be incorporated into the docket by reference. Rule 79(a).

DATE: January 14, 2008

_____
JUSTICE, SUPERIOR COURT

11