| | | |
|---|---|---|
| PATIENCE BEDARD,<br><br>     Plaintiff,<br><br>v.<br><br>DYLAN TARDIF, BARBIE WILSON,<br>CLIFFORD WELCH, 7-ELEVEN,<br>INC., and STEPHEN JONES d/b/a<br>7-ELEVEN<br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER ON DEFENDANT JONES'S<br>MOTION TO DISMISS** |

Before the Court is Defendant Stephen Jones d/b/a 7-Eleven's ("Jones") Motion to Dismiss Plaintiff Patience Bedard's ("Bedard") Amended Complaint. For the following reasons, the Court grants Jones's Motion to Dismiss.

## I.     Background

This action arises from a motor vehicle accident that occurred in Kennebunk, York County, Maine, on October 24, 2019. The following facts are drawn from the allegations in the Amended Complaint, which must be accepted as true for the purpose of evaluating this Motion to Dismiss.

In the afternoon and evening of October 23, 2019, Bedard and Defendant Dylan Tardif ("Tardif") spent time together at various locations. (Am. Compl. ¶ 25.) At some point that afternoon or evening, Tardif asked Defendant Clifford Welch ("Welch") to purchase alcohol for him. (Am. Compl. ¶ 26.) Tardif was seventeen years old and Welch was sixteen years old at the time. (Am. Compl. ¶¶ 12, 27).

Jones operates a 7-Eleven convenience store in York County ("the Convenience Store"). (Am. Compl. ¶¶ 5, 6.) At about 11:00 p.m. on October 23, 2019, Tardif drove a pickup truck owned by and registered to his mother, Defendant Barbie Wilson, to the

REC'D CUMB CLERKS OFC
APR 14 '22 PM3:17

Convenience Store and met Welch there. (Am. Compl. ¶ 3, 24, 28.) Welch purchased several alcoholic beverages from the Convenience Store, which he later provided to Tardif. (Am. Compl. ¶ 29.)

In the late evening of October 23, 2019, and/or the early morning of October 24, 2019, Tardif consumed some of the alcoholic beverages. (Am. Compl. ¶ 30.) After consuming the alcoholic beverages, Tardif suggested that he drive Bedard and her cousin around Kennebunk and the surrounding area. (Am. Compl. ¶ 32.) At approximately *was involved in* 3:10 a.m. on October 24, 2019, while driving with Bedard and her cousin, Tardif ~~caused~~ a motor vehicle accident on Alewive Road in Kennebunk. (Am. Compl. ¶ 33.) Bedard sustained life-threatening injuries in the accident. (Am. Compl. ¶ 36.)

Bedard brought a ten-count Amended Complaint, which includes two counts against Jones: Count IX, in which Bedard alleges a negligence claim against Jones arising from his employee's service of alcohol to a minor, and Count X, in which Bedard alleges a claim under the Maine Liquor Liability Act ("the MLLA"), 28-A M.R.S. § 2506 (2021). Jones moved to dismiss Counts IX and Count X of the Amended Complaint, pursuant to M.R. Civ. P. 12(b)(6).

## II. Motion to Dismiss Standard

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the allegations in the complaint, not the sufficiency of the evidence the plaintiffs are able to present." *Barnes v. McGough*, 623 A.2d 144, 145 (Me. 1993) (internal citation omitted). The court shall "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem'l Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. The court views the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to

relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.* (quoting *Saunders*, 2006 ME 94, ¶ 8, 902 A.2d 830).

## III. Discussion

Jones argues that Count IX should be dismissed because it asserts a claim for which the MLLA provides the exclusive remedy. Additionally, Jones argues that Count X should be dismissed because Bedard's Amended Complaint does not allege facts that would entitle her to relief under the MLLA.

### A. Count IX

In Count IX, Bedard asserts a common law negligence claim against Jones arising from his employee's sale of alcohol to Welch. Specifically, Bedard alleges that (1) Jones failed to adequately train his employees not to sell alcohol to minors, (2) an employee negligently served alcohol to a minor (Welch), (3) Welch, in turn, provided the alcohol to another minor (Tardif), and (4) Tardif's intoxication proximately caused Bedard's injury. Jones argues that MLLA provides the exclusive remedy for Bedard's claim because it is brought against a server of alcohol and arises out of the service of alcohol.

The exclusivity provision of the MLLA provides: "This Act is the exclusive remedy against servers who may be made defendants under section 2505, for claims by those suffering damages based on the servers' service of liquor." 28-A M.R.S. § 2511 (2021). Interpreting the MLLA, the Law Court noted that "there is no question that the Legislature intended that the MLLA greatly restrict negligence claims regarding the actual service of alcoholic beverages." *Thibodeau v. Slaney*, 2000 ME 116, ¶ 18, 755 A.2d 1051; *see also Peters v. Saft*, 597 A.2d 50, 54 (Me. 1991) (noting that the MLLA makes the "liability of the server predictable"). "In order to obtain relief from the exclusivity

provision in section 2511, [a plaintiff] must show some relationship between himself and these defendants—separate from the relationship created by their furnishing of alcohol—that would support a claim of negligence." *Davis v. Dionne*, 2011 ME 90, ¶ 7, 26 A.3d 801.

Count IX is a claim arising out of the service of alcohol, brought against a server of alcohol. Bedard has not pled the existence of any relationship between Bedard and Jones other than the attenuated relationship based on Jones's service of alcohol to Welch. Accordingly, the MLLA provides the exclusive remedy for Bedard's claim against Jones and Count IX must be dismissed.

**B. Count X**

In Count X, Bedard asserts a claim under the MLLA, 28-A M.R.S. § 2506(1). Section 2506(1) provides: "A server who negligently serves liquor to a minor is liable for damages proximately caused by that minor's consumption of the liquor." Bedard's claim against Jones does not fall within the scope of § 2506(1) because Bedard's injuries were proximately caused by Tardif's consumption of the liquor sold to Welch, not Welch's consumption of the liquor. Thus, Bedard has not pled facts entitling her to relief under the MLLA.[1]

Circuitously, Bedard argues that if the Court finds that she has failed to plead facts entitling her to relief under the MLLA, then she should be able to bring her common law negligence claim. As support for this argument, Bedard points to the following language in the exclusivity provision: "This Act is the exclusive remedy against servers *who may be made defendants under section 2505*, for claims by those suffering damages based on the servers' service of liquor." 28-A M.R.S. § 2511 (emphasis added). If Bedard cannot

---

[1] Bedard argues that a strict reading of § 2506(1) is contrary to stated purposes of the MLLA outlined in § 2502(1), (2). This argument is unavailing because the plain meaning of § 2506(1) is clear. Moreover, the Law Court, interpreting the MLLA, has stated that at least one purpose of the MLLA was to clearly define and restrict the scope of server liability. *Thibodeau*, 2000 ME 116, ¶ 18, 755 A.2d 1051; *Peters*, 597 A.2d at 54.

recover from Jones under the MLLA, then, she argues, her claim is exempted from the exclusivity provision.

However, to relieve plaintiffs whose service-related claims do not fall within the parameters of the MLLA from the MLLA's exclusivity provision would be contrary to the MLLA's purpose of restricting the scope of servers' liability. *Cf. Swan v. Sohio Oil Co.*, 618 A.2d 214, 219-20 (Me. 1992) (exclusivity provision barred common law claim by consumer of alcohol against server despite inability to recover under the MLLA). Moreover, § 2505(1) provides: "Any server who is a licensee or employee or agent of a licensee who commits an act giving rise to liability, as provided in sections 2506 and 2507, may be made a defendant to a claim under this Act." Although Jones is not liable to Bedard under the MLLA, Jones's service of alcohol to Welch did constitute an act giving rise to liability if Welch's consumption of the alcohol caused injury.

While Bedard's claim against Jones may only be brought under the MLLA, she has failed to plead facts entitling her to relief under the MLLA. Accordingly, the Court must dismiss both counts of the Amended Complaint against Jones.

## IV. Conclusion

For the foregoing reasons, the Court dismisses Counts IX and X of Bedard's Amended Complaint.

The entry is:

Defendant Jones's Motion to Dismiss is GRANTED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 4/14/2022

MaryGay Kennedy, Justice
Maine Superior Court

PATIENCE BEDARD,

    Plaintiff,

v.

DYLAN TARDIF, BARBIE WILSON,
CLIFFORD WELCH, 7-ELEVEN,
INC., and STEPHEN JONES d/b/a
7-ELEVEN

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON DEFENDANT
WELCH'S MOTION TO TRANSFER
VENUE**

REC'D CUMB CLERKS OFC
NOV 12 '21 AM11:15

Before the Court is Defendant Clifford Welch's Motion to Transfer Venue. For the

following reasons, the Court denies Defendant Welch's Motion.

## I.    Background

This action arises from a motor vehicle accident that occurred in Kennebunk, York

County, Maine, on October 24, 2019. Plaintiff Patience Bedard was a passenger in the

vehicle involved in the crash. Plaintiff is a resident of York County. (Am. Compl. ¶ 1.)

Defendant Barbie Wilson, Defendant Dylan Tardif, and Defendant Welch are also

residents of York County. (Am. Compl. ¶¶ 2-4.) Defendant Stephen Jones d/b/a 7-

Eleven resides in York County and operates a store in York County. (Am. Compl. ¶¶ 5,

6.) Defendant 7-Eleven participates in the operation of stores in multiple counties in

Maine including York County and Cumberland County. (Am. Compl. ¶ 5.)

On November 13, 2019, Plaintiff filed a Verified Petition for Discovery Before

Action pursuant to M.R. Civ. P. 27 in York County Superior Court. York County Superior

Court granted the Verified Petition. Plaintiff later filed the Complaint in this matter in

Cumberland County.

In his Motion to Transfer Venue, Defendant Welch asks that the Court transfer this matter from Cumberland County to York County. Plaintiff opposes the Motion.

## II. Motion to Transfer Venue Standard

Pursuant to 14 M.R.S. § 501 (2021), venue is proper in personal and transitory actions "in the county where any plaintiff or defendant lives." As to corporate defendants, 14 M.R.S. § 505 (2021) provides that, generally, "corporations may sue and be sued in the county in which they have an established place of business."

In accordance with 14 M.R.S. § 508 (2021), "a presiding Justice of the Superior Court may, in the interests of justice and to secure the speedy trial of an action, or for other good cause, transfer any civil action or proceeding from the Superior Court in one county to another county." A similar analysis under the doctrine of forum non conveniens requires the court to weigh the "advantages and obstacles to a fair trial" in the selected forum, but "unless the balance is strongly in favor of the defendant, plaintiff's choice of forum should rarely be disturbed." *Macleod v. MacLeod*, 383 A.2d 39, 42 (Me. 1978) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

## III. Discussion

Venue is proper in Cumberland County under 14 M.R.S. §§ 501, 505 because Defendant 7-Eleven has locations in Cumberland County. Venue would also be proper in York County.

Defendant Welch argues that York County would be a more convenient forum in which to resolve this matter because the majority of parties and witnesses reside in York County. Defendant Welch, however, has not shown that the interests of justice may be impacted or that obstacles to trial may be raised by proceeding in Cumberland County. While it certainly may be more convenient for most, if not all, involved to try the case in York County, Plaintiff is entitled to her choice of forum unless the balance is strongly in

favor of transfer. Because Defendant Welch has not shown that the balance is strongly in favor of transferring this matter to York County, the Court declines to do so.[1]

## IV.    Conclusion

For the foregoing reasons, the Court declines to transfer venue to York County.

The entry is:

Defendant Welch's Motion to Transfer Venue is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: __11/12/2021__         _____
                             MaryGay Kennedy, Justice
                             Maine Superior Court

---

[1] Defendant Welch also argues in his Reply in Support of Motion to Transfer Venue that this action was initiated in York County when Plaintiff filed her Verified Petition pursuant to Rule 27 in York County, and that, therefore, Plaintiff's eventual filing of the Complaint in Cumberland County was improper. The language of Rule 27, however, makes clear that a Rule 27 petition does not initiate the anticipated action. Furthermore, nothing in Rule 27 requires that a complaint be filed in the same venue as a Rule 27 petition.